ARTHUR JENNINGS, by his next friend, PETER JENNINGS, Respondent, v. FREDERICK SCHWAB, Appellant.

64   13
81   119

St. Louis Court of Appeals, December 10, 1895.

1. **Negligence:** INSTRUCTIONS : DEGREE OF CARE EXACTED OF CHILD. An instruction as to the standard of care exacted of a child in order to avoid personal injury required of it such care as could reasonably be expected from one of its capacity and age. *Held,* that the instruction was not erroneous.

2. ——— : ——— : MUTUAL DUTIES OF FOOTMEN AND DRIVERS OF VEHICLES ON STREETS. An instruction as to the care required of a traveler on foot and the drivers of vehicles on a public street declared that both must use all reasonably prudent precautions to avoid accident. *Held,* that this language, though less desirable than that ordinarily used in the statement of the rule, did not render the instruction erroneous.

3. ——— : ——— : ———. And *held,* further, that an instruction which stated that such travelers and drivers have an equal right to use the street was not misleading, when applied to a case where the traveler on foot was injured by the vehicle on a street crossing.

4. ——— : LIABILITY OF MASTER FOR NEGLIGENCE OF SERVANT IN DRIVING. A master is liable for the negligence of a servant while driving on a street, if the latter was at the time acting within the scope of his employment.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*O. J. & R. Lee Mudd* for appellant.

(1) The court erred in giving plaintiff's instruction number 1. *Eswin v. Railroad*, 96 Mo. 290; *Ostertag v. Railroad*, 64 Mo. 421, 424; *Lynch v. Railroad*, 112 Mo. 420; *Bueschong v. Gaslight Co.*, 73 Mo. 234. (2) The court erred in giving plaintiff's instruction number 2. Shearman and Redfield on Negligence, 644. (3) The court erred in refusing defendant's refused instructions numbered 1 and 2, for the reason that there was no evidence tending to connect the defendant, Frederick Schwab, with the accident and negligence, if any was proven. *Woods v. Campbell*, 110 Mo. 572; *Yarnell v. Railroad*, 113 Mo. 570; *Wright v. Fonda*, 44 Mo. App. 634; *Matson v. Frazier*, 44 Mo. App. 302, 311; *Schneider v. Railroad*, 60 Mo. 413; *Sherman v. Railroad*, 72 Mo. 62; *Mound City, etc., Co. v. Conlin*, 92 Mo. 221. There was no evidence that defendant Schwab had any control over defendant Schwab, junior. There was some evidence of an admission on part of appellant Schwab that he owned the team, but that is not sufficient. Officer Breon, who was positively and directly contradicted by both Schwabs, on his cross-examination, said he "believed" he (Schwab) said the young man was driving the team for him, but was not positive about it. This is not sufficient to take the case to the jury. *Jones v. Roberts*, 37 Mo. App. 163, 178. (4) The court erred in refusing defendant's refused instructions numbered 3, 4, and 5. *Ostertag v. Railroad*, 64 Mo. 421, 424; Beach on Contributory Negligence [2 Ed.], sec. 136, p. 173.

*Frank A. C. MacManus* for respondent.

BOND, J.—Plaintiff, an infant of nine years, by his next friend sued defendant for personal injuries

resulting in a broken leg, caused by his being knocked down and run over by a loaded wagon, alleged to have been negligently driven by the agent or servant of defendant. The answer was a general denial. The evidence shows (and it is conceded by appellant) that plaintiff's thigh bone was broken by the negligent driving of the son of defendant while plaintiff and other school children were crossing a street after being dismissed for the noon hour. There was evidence tending to show that the wagon and team were the property of defendant, Frederick Schwab, and were driven for him by his son as a delivery wagon for stock and meats sold to butchers. There was also evidence tending to show that the fracture of plaintiff's leg might result in a permanent shortening of the limb. At the conclusion of the testimony, and after the giving of instructions, the jury returned a verdict for plaintiff for $500, from which this appeal is taken.

The first error assigned relates to the first and second instructions by the court on behalf of plaintiff. The first instruction is criticised as not fully and explicitly setting forth that the standard of care exacted of a child is regulated by that which other children of common prudence would ordinarily exercise under similar circumstances. True, the instruction under review does not use these exact terms in defining the care to be expected of a child, but it does employ language of fairly similar import, when it uses the following: "That, in the case of a child, it is required to act with the care and prudence such as can reasonably be expected of its capacity and age, and, when it manifests as much care and prudence as can be reasonably expected from it, the child is not guilty of negligence."

The objection to instruction number 2, given for plaintiff is that, in speaking of the mutual duties of footmen and drivers of vehicles, the court said: "The

law requires both parties to use all reasonably prudent precautions to avoid accident and damage to themselves and others." It would have perhaps been better if the learned judge had given the usual definition required by law in such cases, which is, that it must be such care as would be ordinarily taken by prudent persons similarly situated. But we are not prepared to say that the language of the instruction imposes a higher degree of care than that contained in the common expression of the rule of ordinary care. Neither was the statement in said instruction, that footmen and drivers of vehicles have an equal right to use the street, misleading under the evidence in this case. The evidence shows that the boy was injured on a street crossing. Conceding for the argument that he was not equally entitled with the vehicle to the use of the center of the street, he was unquestionably equally entitled to make use of the street crossings. As this was all that was done in this case, the general expression in the instruction could not have misled the triers of the fact. We, therefore, overrule the foregoing criticisms of plaintiff's instructions by appellant.

There is no merit in appellant's position that his demurrer to the evidence should have been sustained. It is conceded that there was evidence tending to show the negligent driving of the son of appellant. That the son was acting for the defendant in driving the latter's team at the time of the accident, was shown by the direct testimony of one witness (Officer Breon), and inferentially by the testimony of the mother of the plaintiff. That the master is responsible for the torts and negligence of his servants, acting within the scope of their employment, is too well settled for a citation of cases.

Neither did the court err in refusing appellant's instruction (number 3) predicated on the assumed

negligence of the plaintiff "in suddenly running out in the street in front of the horses." There was no proof in the record of the facts thus assumed. Neither was appellant entitled to have the issue of contributory negligence submitted to the jury, since there was no such evidence in plaintiff's case, nor was it pleaded by the defendant. The result is that the judgment will be affirmed. All concur.