ANDREW ANDERSON, Respondent, v. UNION TERMINAL RAILROAD COMPANY et al., Appellants.

### Kansas City Court of Appeals, May 29, 1899.

1. **Negligence**: CHILDREN: INSTRUCTION. An instruction telling the the jury that a boy of immature years is only required to exercise such care as ought to be reasonably expected from one of his age and capacity, is approved, and the later decisions do not hold that the age of a child is not to be considered but only hold that notwithstanding his age he may yet so act as to exclude his recovery for an injury.

2. ———: ———: KNOWLEDGE V. DISCRETION. The rule exempting children from responsibility does not depend so much on their knowledge and sprightliness as upon their indiscretion, imprudence, lack of judgment and impulsiveness.

3. ———: ———: ———: INSTRUCTIONS. The action of the court in reference to certain instructions relating to negligence and contributory negligence resulting in the injury of a boy, is approved.

4. ———: ORDINANCE: CONFLICTING INSTRUCTIONS. Certain instructions, relating on the one hand to the capacity of a boy with reference to contributory negligence, and on the other hand to an ordinance relating to riding on trains, are considered and held not to be conflicting.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

TRIMBLE & BRALEY, JOHN A. EATON and EDWIN SILVER for appellants.

(1) The judgment should be reversed absolutely. The testimony all showed that Otto Anderson was injured twelve feet or more east of the cinder pile. The existence of the cinders did not contribute to the accident. (2) The knowledge and intelligence of Otto are sufficient, as a matter of law, to charge him with contributory negligence. (3) Otto's opportunity to see the train and cinders was ample. Drake v. Railroad, 51 Mo. App. 562. The facts in this case are parallel to those in the cases of Spillane v. Railroad, 135 Mo. 414, and Payne v. Railroad, 136 Mo. 563. (4) In the following cases children of about the same age as Otto Anderson have been held as a matter of law to have been guilty of contributory negligence barring recovery for their injuries. Casey v. Malden, 163 Mass. 507; 40 N. E. Rep. 849 (nine or ten years old); Twist v. Railroad, 39 Minn. 164; 37 R. R. Cas. 336 (ten and one-half years old); Masser v. Railroad, 68 Iowa, 602; 27 N. W. Rep. 776 (eleven years old); Wendell v. Railroad, 91 N. Y. 420 (seven years old); Reynolds v. Railroad, 58 N. Y. 248 (thirteen years old); Tucker v. Railroad, 124 N. Y. 308; 26 N. E. Rep. 916 (twelve years old); Ecliff v. Railroad, 64 Mich. 196; 31 N. W. Rep. 196 (twelve years old); Messinger v. Dennie, 137 Mass. 197; Sheets v. Railway, 54 N. J. L. 518; 24 Atl. Rep. 483 (ten years old); O. R. & N. Co. v. Egley, 2 Wash. 409; 26 Pac. Rep. 973 (nine years old); Railway v. Todd, 54 Kan. 551 (nine or ten years old) ; Henderson v. Railway, 74 N. W. Rep. 525 ; Money v. Railway, 50 N. E. Rep. 530 (eight years old) ; Hayes v. Norcross, 162 Mass. 546; 39 N. E. Rep. 282. (5) The court erred in giving the plaintiff's third instruction. Hudson v. Railway, 101 Mo. 30; Barney v. Railroad, 126 Mo. 372-392; O. R. & N. Co. v. Egley, 2 Wash. 409; 26 Pac. Rep. 973; Railroad v. Connell,

88 Pa. St. 520; Railway v. Smith, 46 Mich. 504; 4 R. R. Cas. 535; Railway v. Stumps, 69 Ill. 409.

FRANK HAGERMAN and ELLISON & TURPIN for respondent.

(1)    The testimony does not show that Otto Anderson was injured twelve feet or more east of the cinder pile.    (2) Contributory negligence in not seeing the train.    Lynch v. Railroad, 112 Mo. 420; Clark v. Railroad, 127 Mo. 197; Senn v. Railroad, 124 Mo. 621; s. c., 108 Mo. 142; Hilz v. Railroad, 101 Mo. 36;Moberly v. Railroad, 17 Mo. App. 542. (3) There is negligence in leaving the cinders in the street.    Sullivan v. Railroad, 117 Mo. 214; Robertson v. Railroad, 84 Mo. 119; Judd v. Railroad, 23 Mo. App. 56.    (4)    The court did not err in giving plaintiff's third instruction.    Burger v. Railway, 112 Mo. 249; Jennings v. Schwab, 64 Mo. App. 13; Van Natta v. Railroad, 133 Mo. 13; Donoho v. Iron Works, 75 Mo. 401.

ELLISON, J.—Plaintiff is the father of a lad between nine and ten years old who was injured by a train of the Suburban company, operated over the tracks of the Terminal company, by running over and cutting off his leg.    Plaintiff's action is for damages in the loss of the boy's services.    He obtained judgment for $1,500.

The accident happened in December, 1895, on a street of Kansas City, Kansas.    The boy lived near by the place of accident and had been from home watching other boys skate on a pond in the neighborhood.    In returning home he came into Ohio avenue where there are two tracks, one being a switch, and in walking along in the street, between the tracks, he came to a point where he designed crossing the main track. He looked behind just as he was about stepping on the track and saw a backing train of the Suburban road so near him that he thought he could not cross and stepped back so as to avoid the cars.    In stepping back he stumbled and fell upon

a sloping pile of cinders which had been placed there by de-
fendants. In endeavoring to climb out of the way of the cars
his leg, by some means got under one of the wheels and was
cut off, or was injured so as to require amputation.

The presence of the cinders at the place and in the condi-
tion they were is the chief negligence relied upon for the sup-
port of plaintiff's case. They had been unloaded close to the
track and were permitted to remain in a sloping pile, unleveled.
There was evidence tending to show that it was negligence in
defendant to leave the cinders in the condition in which they
were placed and we will direct our attention to the question
of contributory negligence on the part of the boy. If he is
chargeable with contributory negligence it must consist in the
fact that he went so near the track with the intention to cross
over while a train was so near as to render a crossing danger-
ous, if not impossible. A given act charged to be contributory
negligence can not be applied to all persons alike. If the
party doing the act is a child, the question is not whether the
act is such that an ordinarily prudent person of mature years
would have committed it, but is whether the
act is such as might be expected from a child
of the knowledge, age and discretion the party
charged is shown to be. In recognition of this
rule of law the trial court gave the following instruction for
plaintiff. "3. If you find that Otto Anderson was a boy of
immature age and had not the capacity of an adult, and that he
exercised such care as ought reasonably to have been expected
from one of his age and capacity, then he is not guilty of con-
tributory negligence."

NEGLIGENCE:
children: in-
struction.

A like instruction has been approved by the supreme
court and by the St. Louis Court of Appeals. Burger v.
Railway, 112 Mo. 238; Jennings v. Schwab, 64 Mo. App.
13. On the other hand there is some color for the claim
made by defendant that the supreme court has announced that
in case of a boy, not older than plaintiff's, with intelligence

Anderson v. Union Term. R. R. Co.

and knowledge of the danger connected with going about railway trains and in crossing tracks he is chargeable with contributory negligence as an adult would be. Spillane v. Railway, 135 Mo. 414; Payne v. Railway, 136 Mo. 562; s. c., 129 Mo. 405. But in reality those cases merely determine that a child may so act or conduct himself as to be guilty of contributory negligence as a matter of law. They do not decide that the age of the child is not to be considered even though he is intelligent. They decide that considering his age yet his act may be of such nature as to preclude his recovery. In our opinion the court had no intention to depart, and did not depart, from the law as stated in the Burger case.

The reason of the rule exempting children from responsibility does not depend so much on the knowledge and sprightliness of the child as it does upon his indiscretion, imprudence, lack of judgment and impulsiveness. All children nine years old know as well as grown persons, that if a railway car runs over them it will kill or maim them. They know that as well as they know that fire will burn them. Yet, speaking generally of course, all children near that age are, by nature, more reckless and thoughtless than grown persons and are consequently more likely to be run over or burned. The law of nature has implanted thoughtlessness and imprudence in a child as it has prudence and caution in the ordinary man. Human laws respect this condition of nature. So it was said by the supreme court in Burger v. Railway, *supra,* involving the case of a boy of "unusual capacity," who "was bright, intelligent and active, had some knowledge of the movement of trains and the use of train signals, and admitted that he knew it was dangerous to undertake to pass through between cars in a train, and had been warned by his parents not to attempt to do so. It also appeared that another convenient and unobstructed route to school was open to him. It may also be conceded that the act of plaintiff, when measured by

the standard applied to an adult person of ordinary prudence, was a negligent act.

"Common experience and observation teach us that due care on the part of an infant does not require the judgment and thoughtfulness that would be expected of an adult person under the same circumstances. In the conduct of a boy, we expect to find impulsiveness, indiscretion and disregard of danger, and his capacity is measured accordingly. A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness and discretion to avoid them, which are possessed by the ordinarily prudent adult person. Hence, the rule is believed to be recognized in all the courts of the country, that a child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity. Whether he used such care in a particular case, is a question for the jury."

In Massachusetts a boy thirteen years old struck a dog which thereupon bit him. In a suit to recover double damages under the statute of that state the following instructions were held to be proper: "1. If the plaintiff did strike the dog, and if he thereby did by his own act bring the injury upon himself, he may, notwithstanding, recover in this case, if the jury believe the boy acted with such care as under the same circumstances would have ordinarily been exercised by boys of ordinary intelligence and prudence, of his years. 2. If the plaintiff was old enough to know that striking the dog would be likely to incite the dog to bite, and did strike the dog, and did thereby incite the dog to bite him, he may nevertheless recover, if the jury think he was in the exercise of such care as would be due care in a boy of his years."

The court said that if the trial court "had ruled that, if the plaintiff was old enough to know that striking the dog would be likely to incite him to bite, he could not recover, it

would have been erroneous.    This is not the true test.    It entirely disregards the thoughtlessness and heedlessness natural to boyhood.    The plaintiff may have been old enough to know, if he stopped to reflect, that striking a dog would be likely to provoke him to bite, and yet, in striking him, he may have been acting as a boy of his age would ordinarily act under the same circumstances."    Plumley v. Birge, 124 Mass. 57. In Railway v. Young, 81 Ga. 416, it is stated that, "no court can hold that childhood and manhood are bound to observe the same degree of diligence."

In considering questions of contributory negligence each case must necessarily depend upon its peculiar facts.    We therefore hold that under the rule we have shown to exist in this state and elsewhere, the act of plaintiff's son in walking along the street between the tracks for some distance and only looking back to see if a train was coming just before starting to cross over the main track, and on discovering a train close upon him stepping backwards from the track to avoid collision was not negligence as a matter of law, and that it was proper to give the instruction to which objection was made. The boy realized the danger after he observed the train and but for the cinders would have escaped all peril.    These having been left as they were in the street caused him to fall.    As a result of the fall and his effort to get up and out of the way, his leg was caught by the car wheel.

Defendants' instructions A and B were demurrers to the evidence and were properly refused.

Instruction 11 practically amounted to the same thing and was likewise properly refused.    Instructions 8 and 9 were refused as offered, the court adding the qualification as to the boy's age and capacity as embodied in plaintiff's instruction number 3. What we have said of that instruction disposes of this objection.

Among other claims made by defendants was that the boy had attempted to jump on the cars for a ride and defendants offered instruction number 10 authorizing the jury, "in connection with other facts," in determining whether he had jumped on the train to consider whether he had been in the habit of doing so. The court added the words, "in connection with other facts and circumstances." There was no harm in that. It was perhaps unnecessary since the instruction as offered contained the same qualification, but repeating it could not have had any effect.

During the trial plaintiff's attorney conceded that the boy "was of sufficient age to appreciate the danger of hopping on cars." Defendants contend that plaintiff's third instruction, already considered, is in direct conflict with such admission. The admission and this instruction should be considered in connection with a city ordinance introduced in evidence and defendants' third instruction reading as follows:

———: ordinance: conflicting instructions.

"3. The court instructs the jury that if they believe from the evidence that Otto Anderson attempted to catch hold of or was riding on a passing or moving train, and by reason thereof was thrown under the cars, then your verdict must be for defendants."

The ordinance is as follows: "It shall be unlawful for any person, of whatever age, not a passenger, to jump or hang upon or attempt to steal a ride on any car or engine."

We will assume that the ordinance would prevent a recovery for an injury resulting from jumping on the cars, without regard to the age, discretion or capacity of the boy; and defendants' instruction is an imperative direction to find for defendants if the injury was caused by such an act. In view of the position taken by the trial court as to the ordinance (as evidenced by giving defendants' third instruction) plaintiff's admission did not add to or subtract from the questions at

issue. The admission and the defendants' instruction simply gave that branch of the case to defendants.

But it is furthermore urged that defendants' third and plaintiff's third instruction are inconsistent, in that plaintiff's requires the jury to consider the boy's immature years, while defendants' directs a verdict if the boy was stealing a ride, without regard to his age. Giving these instructions a practical interpretation and the only one which can fairly be made, we think that they can not be understood as having reference to each other. That for defendants makes clear that if the accident happened by jumping on the cars then there could be no recovery, thus leaving an application of plaintiff's to the remaining branch of the case.

The judgment will, with the concurrence of the other judges, be affirmed.