JOSEPH N. PHILLIPS, Respondent, *v.* THE NEW YORK AND NEW ENGLAND RAILROAD COMPANY, Appellant.

*Crossing over a train standing on a highway crossing — it is for the jury to say if it be negligence — direction to cross given by a brakeman on a railroad train.*

Under ordinary circumstances it is negligence for a person to attempt to cross over a freight train standing on a highway crossing; and even if the highway is improperly obstructed, prudence would require him to wait a reasonable time for the train to pass on; but it cannot be said as a matter of law that he should remain indefinitely on the highway along which he is journeying, or that he is bound to turn back and seek some other highway crossing.

Where a traveler on a highway applies to a brakeman to learn how long a train standing across the highway is to remain on the crossing, and is told to climb "right across the train," it is for the jury, upon the trial of an action brought to recover damages for injuries sustained by such person while attempting to cross such train, to determine whether he was guilty of negligence in attempting to cross between the cars and whether the defendant was guilty of negligence in starting the train without first looking to see if any traveler on the highway, whom it had put to an extraordinary and unusual means of crossing the tracks by reason of the long obstruction of the highway, would be in danger.

A brakeman on a railroad train has not necessarily the power to inform the public and bind the railroad company as to the movements of its trains, and it is error for a trial court to charge that if a brakeman, or one operating a train, tells a person that he can safely cross the train, the railroad company is liable for the damages he may sustain while crossing such train, through the sudden movement thereof.

APPEAL by the defendant, The New York and New England Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 22d day of December, 1893, upon the verdict of a jury rendered after a trial at the Dutchess Circuit, and also from an order made at the Dutchess Circuit on the 22d day of December, 1893, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review on such appeal all questions of law and fact.

*Milton A. Fowler*, for the appellant.

*Wood & Morschauser*, for the respondent.

CULLEN, J.:

This is an appeal from a judgment for the plaintiff entered upon the verdict of the jury at Circuit.

The action is to recover damages for personal injury. According to the plaintiff's story, a freight train of the defendant stood across a highway near Hopewell in Dutchess county for from a half to three-quarters of an hour, completely preventing passage along the highway. The plaintiff desired to cross. After remaining this length of time for the train to move clear of the highway crossing, he applied to a brakeman to learn how long the train was to remain. He was told to climb "right across the train." Upon this he attempted to cross between the cars. While he was on the platform or bumpers of the car, in the act of crossing, the engine started and the plaintiff's foot was injured. There was evidence tending to show that crossing either in front of or in rear of the train would have been difficult. The facts as to the invitation to cross, and the length of time during which the train had blocked the highway, were denied by the defendant, it insisting that the train had remained in its position for two minutes only.

On these facts we think that the motion for a nonsuit was properly denied. That, under ordinary circumstances, the act of the plaintiff would have been negligent, is unquestionable. Even if the highway was improperly obstructed, common prudence would have required him to wait a reasonable time for the train to pass on. But, according to his testimony, he had already waited a long period. It cannot be said as a matter of law that he should have remained indefinitely and have abandoned his journey along the highway, nor that he was bound to turn back and seek some other highway crossing possibly miles away. If he had crossed in front of the engine, the criticism might as well have been made that such conduct was reckless, as it is now made in reference to the place where he did attempt to cross. Either crossing was safe (except for the probable requirement of agility in climbing between the cars) while the engine did not move. If the engine moved, each place was dangerous. In this, the case at bar differs wholly from that of *Solomon* v. *Manhattan R. R. Co.* (103 N. Y. 437). The plaintiff applied to one of the train hands for information as to the movement of the train, and received the answer already stated. On these facts it was for the jury, if it believed the plaintiff's evidence, to find whether the plaintiff was guilty of negligence in attempting to cross between the cars, and whether the defendant was guilty of negli-

gence in starting the train without first looking to see if any traveler on the highway whom it had put to extraordinary and unusual means of crossing the tracks, by reason of the long obstruction of the highway, would be in danger.

The learned judge at Circuit charged, in effect, that the length of time during which the highway had been obstructed was immaterial. That if the brakeman or one operating the train told the plaintiff that he might safely cross the defendant was liable. To this the defendant excepted. We think the charge in this respect · erroneous. A brakeman would not necessarily have the power to inform the public and bind the company as to the movements of its trains. It was not a question of law but one of fact whether, under the circumstances of the case — the great delay of the train and the probable danger — the plaintiff was justified in relying on the brakeman's statement, and whether he should have crossed in the manner suggested or in some other way. For this error the judgment must be reversed.

Judgment and order denying new trial reversed. A new trial ordered, costs to abide event.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.