COLUMBUS THOMPSON, by His Curator, etc., Appellant, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, April 7, 1902.

1. **Negligence:** RAILROAD CROSSING: DUTY TO ANTICIPATE PERSONS ON TRACK. Where the employees of a railroad company operating a train have reason to anticipate the presence of persons who might be injured by the movements of the train, it is their duty to be on the alert to discover such persons and if injury occurs by their failure to use care, the company is liable; but where the company has the right to anticipate a clear track there is no duty to be on the lookout.

2. ———: ———: PASSING THROUGH STANDING TRAIN: INSTRUCTION. Though a train standing in a village blocks the street crossing, yet the trainmen have no reason to anticipate the presence of any one between the cars occupying such crossing and an instruction requiring trainmen to be on the lookout is condemned.

3. ———: ———: DANGEROUS BUSINESS: INSTRUCTION. An instruction containing an abstract proposition of law, and more or

Thompson- v. M. K. & T. Ry. Co.

less in conflict with the theory of other instructions, is properly refused.

4. ———: ———: STARTING: SIGNAL. An instruction that the trainmen in charge of a train which had been blocking a public street in a village were under no obligation to give the plaintiff any warning unless they knew of his perilous situation, nor to give any warning to him in such place, is condemned.

5. ———: ———: PASSING BETWEEN CARS: INSTRUCTION. An instruction that if the plaintiff attempted to climb between the cars west of the street crossing, then it was immaterial whether or not cars in the train may have obstructed said street or how long they may have been there, is approved.

6. ———: STREET CROSSING: CLIMBING BETWEEN CARS: ADULT AND MINOR: INSTRUCTION. An instruction declaring that if plaintiff, an infant, had sufficient mental capacity to know whether or not he was liable to be injured by climbing between the cars, then he was guilty of contributory negligence in attempting to do so, is condemned, since although he may have known the danger yet he may have lacked discretion of an adult person to avoid the danger; and whether he did have discretion or not and whether he used such discretion as one of his age would be expected to use it, are questions for the jury.

7. ———: RAILROAD CROSSING: STARTING TRAIN: SIGNAL. In starting a train that has been blocking a street crossing a signal should be given, and that for a reasonable time before the starting, and an instruction should not ignore such requirements.

Appeal from Boone Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

REVERSED AND REMANDED.

*N. T. Gentry* for appellant.

(1) The court erred in refusing to give plaintiff's instruction No. 2; it is an exact copy of one that has been approved by our Supreme Court in case of Brown v. Railroad, 50 Mo. 461; White v. Railroad, 34 Mo. App. 78. (2) Plaintiff's instruction No. 5 should also have been given.

Although the trainmen did not know of the dangerous position of plaintiff, yet if they could have known it or discovered it by the exercise of ordinary care, the defendant is liable. Gass v. Railroad, 57 Mo. App. 580; Davis v. Railroad, 46 Mo. App. 180; White v. Railroad, supra. (3) Defendant's instruction No. 2 does away entirely with the humanity rule which has been so long recognized in this State. Even if plaintiff was negligently and wrongfully upon defendant's track, defendant's servants owed him the duty to avoid injuring him; especially after his position of danger was discovered. Isabel v. Railroad, 60 Mo. 475; Morgan v. Railroad, 60 S. W. (Mo.) 195; McAndrew v. Railroad, 88 Mo. App. 97. (4). Defendant's instructions Nos. 3 and 5 were wrong in that they were a comment upon and gave undue prominence to defendant's evidence. McFadin v. Catron, 120 Mo. 274; Railroad v. Stock Yards, 120 Mo. 565; Benjamin v. Railroad, 50 Mo. App. 611; 2 Thomp. on Trials, sec. 2330; Gannon v. Gas Co., 145 Mo. 502. (5) Defendant's fourth instruction was erroneous in that it admits the negligent act charged in plaintiff's petition, to-wit, obstructing the public crossing for an indefinite time, and then tells the jury that the plaintiff can not recover if he climbed between or over said train at a point other than the crossing. Brown v. Railroad, 50 Mo. 461. (6) Defendant's instructions Nos. 6 and 7 are clearly erroneous, as the whole case is by these instructions submitted to the jury on the question of plaintiff's mental capacity. Anderson v. Railroad, 81 Mo. App. 119; Burger v. Railroad, 112 Mo. 238; Jennings v. Schwab, 64 Mo. App. 13; Costello v. Railroad, 65 Barb. 92; Railroad v. Becker, 84 Ill. 483; Elkins v. Railroad, 115 Mass. 190; Railroad v. Mackey, 41 N. E. Rep. (O.) 980; Anderson v. Railroad, 161 Mo. 411; Riley v. Railroad, 68 Mo. App. 652; Railroad v. Valinius, 56 Ind. 511; Beach on Cont. Negl. (3 Ed.), sec. 204; Bertram v. Railroad, 154 Mo. 654; Stone v. Hunt, 94 Mo. 475; Shoe Co. v. Hilig, 70 Mo. App. 310;

Gannon v. Gas Co., supra; Burger v. Railroad, 112 Mo. 238. (7) Defendant's instruction No. 13, does not go far enough. Buswell on Per. Inj. (2 Ed.), 218; Railroad v. Colman, 8 S. W. (Ky.) 875.

*Geo. P. B. Jackson* for respondent.

(1) The court did not err in refusing plaintiff's instruction No. 2. (2) The plaintiff's fifth instruction was properly refused. The trainmen were not required to anticipate the presence of plaintiff between the cars, and owed him no duty until they knew he was there. Williams v. Railroad, 96 Mo. 280; Corcoran v. Railroad, 105 Mo. 399. (3) There is no merit in the objection to defendant's third and fifth instructions. They did not single out any facts, and did not comment on any evidence. Appellant's counsel simply does not understand them. (4) Defendant's fourth instruction is not erroneous. Stillson v. Railroad, 67 Mo. 671; Gurley v. Railroad, 104 Mo. 211; Schmitz v. Railroad, 46 Mo. App. 380. (5) There was no error in giving defendant's sixth and seventh instructions. Hudson v. Railroad, 101 Mo. 13; Corcoran v. Railroad, 105 Mo. 399; Payne v. Railroad, 129 Mo. 405; Spillane v. Railroad, 135 Mo. 414; Payne v. Railroad, 136 Mo. 562; Schmitt v. Railroad, 160 Mo. 43. (6) The complaint against defendant's eighth instruction is groundless. Stillson v. Railroad, 67 Mo. 671; Bell v. Railroad, 72 Mo. 50; Dahlstrom v. Railroad, 96 Mo. 99; Gurley v. Railroad, 104 Mo. 211. (7) Nor was there any error committed in giving defendant's instructions Nos. 9 and 13, both of which asserted the same proposition of law, making it essential to a recovery by plaintiff that there should have been a failure to give any signal before the moving of the train on which plaintiff was hurt. Stillson v. Railroad, 67 Mo. 671; Gurley v. Railroad, 104 Mo. 211; Corcoran v. Railroad. 105 Mo. 399.

SMITH, P. J.—This is an action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant. The petition alleged that there was a public street in the town of McBaine known as Perche avenue, and that defendant had two or more tracks which crossed said street; that at the time of the injury complained of one of its freight trains negligently obstructed said street-crossing; that while the plaintiff, a minor, was attempting to pass between the cars of said train, the defendant's employees in charge thereof negligently caused it to suddenly move back, preparatory to starting forward, without ringing the bell or sounding the whistle, or giving any signal whatever of an intention to start, in consequence of all which plaintiff's right foot was caught between the couplings or drawheads and injured. The defendant had judgment and plaintiff appealed.

I. The errors assigned for a reversal relate entirely to the action of the trial court in the giving and refusing of the instructions to the jury. The first requested and given for the plaintiff submitted the case upon the theory of the petition. The plaintiff was not content with this, and so requested others, which were refused: one of which, the fifth, was to the effect that even if the plaintiff was guilty of negligence in going on the defendant's track where it crosses a public street at the time of his injury, yet if the defendant's servants in charge of said train saw or by the exercise of ordinary care could have seen plaintiff in time to have averted the injury, then the verdict should be for plaintiff notwithstanding his negligence. The action of the court in refusing this instruction raises the question whether or not the law cast upon the defendant's employees, in charge of the train, the duty to look between the cars of the train before attempting to move it, to the end that they might discover whether any one was in such a place or situation as that his safety would be rendered perilous by the movement of the train; and this, too, without reference to whether or not they—the employees—might have

anticipated the presence of any person at such place or discovered him while engaged in the discharge of the duties to which they were assigned upon the train.

The law is well settled, in this State at least, that in those places where the railway employees operating a train have reason to anticipate the presence of persons—as, for example, where a train approaches the crossing of a public street or other public thoroughfare, or is moved over and along a public street in a populous city or town, and the like—it is their duty to be on the alert, so as, if possible, to discover any one whose situation is imperiled by the movement of the train. And in such places where it is their duty to be on the lookout, if an injury occurs which could have been averted had they exercised ordinary care in looking out, then there is liability. White v. Railroad, 34 Mo. App. 57, and cases there cited; Zumault v. Railroad, 71 Mo. App. loc. cit. 681-2; Chamberlain v. Railroad, 133 Mo. 587; Morgan v. Railroad, 159 Mo. 262. It is thus seen that the rule is limited in the scope of its application and can not be invoked in those cases where neither the *locus in quo* itself, nor any fact or circumstances connected with it, or the train, are such as to admonish the trainmen that they might anticipate the presence of persons in a situation of danger with respect to the movement of the train. And so it must result that where a railway has the right to anticipate a clear track, there can be no reason for liability to one wrongfully thereon on the ground that he might have been seen by the exercise of ordinary care. In such case the law imposes no duty to be on the lookout for him. Williams v. Railroad, 96 Mo. 275; Corcoran v. Railroad, 105 Mo. 399.

The plaintiff's evidence tends to prove that the train in question extended from the watertank east across said street, and that while it was standing there the plaintiff attempted to pass between the cars occupying the street-crossing. There was no evidence tending to prove that any of the train-men

were aware of the presence of the plaintiff at the time he attempted to pass between the cars. The defendant's trainmen had no reason to anticipate the presence of the plaintiff between the cars at the time the train was started. It is conceded to have been negligence for any one to have attempted, under the circumstances, to pass between the cars standing on the crossing, and the defendant's trainmen had no reason to anticipate such negligence on the part of the plaintiff at the time they started the train. They were not bound to look for plaintiff where he had no right to be. Rine v. Railroad, 88 Mo. 392; Barker v. Railroad, 98 Mo. 50; Hudson v. Railroad, 101 Mo. 31.

Of course, there would have been liability if the proximate cause of the injury had been the omission of the defendant to use reasonable care to avoid such injury after becoming aware of the danger to which the plaintiff was exposed (Isabel v. Railroad, 60 Mo. 475; Harlan v. Railroad, 64 Mo. 480; Zimmerman v. Railroad, 71 Mo. 477; Yarnall v. Railroad, 75 Mo. 583) but as there is no claim made of liability under this rule, nothing further need be said in respect to it. The said instruction, therefore, in so far as it told the jury that there was liability if the defendant's trainmen, by the exercise of ordinary care, could have seen plaintiff in time to have averted the injury, was erroneous in expression when applied to a case where the facts are as here shown to be.

The plaintiff's other refused instruction—the second—was but a bare abstraction. It in effect declared that railway companies, owing to the dangerous character of the business they engage in, are held to the greatest care in the operation of their machinery and vehicles, and if they fail to use such care, and injury results therefrom, they are liable. The plaintiff's theory of the case was fully submitted by his first instruction already referred to, so that the court was requested by this one to submit the case to the jury on any distinct or different theory from that submitted by his first. It could not

in any way enlighten the jury as to its duty in the case. If it had been given and there had been a verdict for the plaintiff it might have been well urged as a ground for the reversal of the judgment that it authorized a consideration by the jury of the case on a ground of negligence not embraced in the theory of the plaintiff's petition and first instruction. It is, to say the least of it, an instruction that is calculated to mislead a jury, and the giving of it in any case is of doubtful propriety. And although given in Brown v. Railroad, 50 Mo. 461, what is there said in respect of it shows that its refusal under circumstances like the present would not be a ground for reversal of the judgment. Certainly it can not be claimed that its refusal was harmful to the plaintiff.

II. Under the ruling made in the previous paragraph, we must conclude that the defendant's second instruction is correct in expression except in so far as it told the jury that the defendant's employees in charge of the train *were under no obligation to give the plaintiff any warning* unless they knew of his perilous situation. It seems to us that the instruction goes too far. Besides being in conflict with others given for both plaintiff and defendant, it is otherwise improper as will be seen from what is elsewhere herein said in respect to the defendant's thirteenth. According to this instruction, the defendant had the right to start its train from where it stood over the crossing backwards without giving any warning or signal whatever. This is not the law. To say the least of it, the language was misleading and calculated to do harm. The words "nor to give any warning to him in such place" should have been eliminated from it.

The defendant's instructions three and five, it seems to us, are not fairly subject to the plaintiff's criticism. They submit the defendant's theory of the case to the jury by telling it that if it finds from the evidence certain facts therein hypothesized that the plaintiff ought not to recover; and in this we pereceive no error.

The plaintiff further complains of the action of the court in giving the defendant's fourth, which informed the jury that if it found that the place in the train where the plaintiff attempted to climb between the cars was west of the street-crossing, that then it was immaterial whether or not other cars in the train may have obstructed said street, or how long they may have been there. In Stillson v. Railroad, 67 Mo. loc. cit. 676, which was a case somewhat analogous in its facts to this, it was said: "The next conspicuous and important fact in this case is that the injury did not occur at any street-crossing but on a part of the track where there was not even a private or occasional pathway, and where consequently the defendant had a right to presume that no one would attempt to cross. It is true, the street-crossing was entirely obstructed by the train, which obstruction the municipal authorities of the town might at any time have prohibited, and for which the defendant might have been held liable in damages for any inconvenience occasioned by such obstruction, but this obstruction did not authorize one who was about to cross to attempt to do so at any accidental opening between the cars . . . except at the peril of the person so attempting to cross." See, also, Corcoran v. Railroad, supra, and other cases cited in defendant's brief. The evidence adduced by the defendant tended to show that the plaintiff attempted to pass between the cars of the train west of the crossing and where there was no private pathway. The instruction, according to the rulings made in the cases just referred to, was obnoxious to no objection.

The defendant's sixth told the jury that it would be negligence on the part of an adult person to have attempted to pass between the cars of said train, and that if the plaintiff "had sufficient mental capacity to know whether or not he was liable to be injured by climbing between the cars, then he was guilty of contributory negligence in attempting to do so," etc. And its seventh further told the jury that if it found from

the evidence that a person of ordinary discretion, prudence and care would not have attempted to climb between the cars where the plaintiff attempted to climb, under the circumstances surrounding the train at the station at that time, and that the plaintiff at that time "had sufficient judgment and intelligence to enable him to know when he was in danger," that then he could not recover.

It is strenuously insisted that these instructions depart, in their enunciation, from the rule established in similar cases by the adjudications in this State. While it is true they differ somewhat in expression, they do not differ in meaning. Each of them in effect declares that it would have been negligence for an adult person to have attempted to pass between the cars of the train, and that if the plaintiff had sufficient mental capacity to know that it would have been dangerous for him to make such attempt, then he was guilty of such contributory negligence as precluded his right to recover. All the cases in this State with one accord declare the rule to be that a child is not to be judged by the strict standard of an adult, neither is it to be charged with contributory negligence if it acted as might reasonably be expected of one of its age and capacity. Anderson v. Railroad, 161 Mo. loc. cit. 424, where the cases are collated. Suppose the fact to be conceded that the plaintiff had sufficient mental capacity to know that it was dangerous to undertake to pass between the cars of defendant's train while it was standing on its track at said station, and that notwithstanding this knowledge of the danger he attempted to pass between such cars and was thereby hurt, is that of itself sufficient to charge him with contributory negligence? A boy may have the knowledge of an adult person in respect to the danger which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness and discretion to avoid them, which is possessed by the ordinarily prudent adult person; and, therefore, it has become a settled rule of law in this State that a child is not negligent if he

exercise that degree of care which, under like circumstances, would be expected of one of his years and capacity. And whether he uses such care in any given case is a question to be left for the jury to decide. Anderson v. Railroad, 81 Mo. App. 116; Riley v. Railroad, 68 Mo. App. 652; Burger v. Railroad, 112 Mo. 249; Anderson v. Railroad, 161 Mo. 411.

The defendant's instructions, as have been seen, told the jury that if it found the fact to be that the plaintiff had sufficient mental capacity to know the danger attending an attempt to pass between the cars, and with this knowledge made such an attempt and was thereby injured, that he was guilty of contributory negligence, without reference as to whether or not he had the prudence, thoughtfulness and discretion to avoid it—the danger—which is possessed by an ordinarily prudent adult person. It seems from these instructions that the learned trial judge concluded it was the law that even if the plaintiff did not have the prudence, thoughtfulness and discretion to avoid the danger incident to passing between the cars of a train standing on its track which is possessed by the ordinarily prudent adult, still if he was possessed of sufficient mental capacity to understand such danger, that then he was required to exercise the same degree of care as would have been required of an ordinarily prudent adult under like circumstances. It is therefore, apparent that these instructions did not go far enough in that they ignored an essential part of the rule which requires that it be left to the jury to say whether or not the plaintiff had the prudence, thoughtfulness and discretion to avoid the danger incident to passing between the cars of the train which is possessed by an ordinarily prudent adult. Although the jury may have found that the plaintiff had sufficient capacity to understand the danger, yet he had the right to have it left to them to further determine whether or not he had the prudence, thoughtfulness and discretion to avoid such danger which is possessed by an ordinarily prudent adult; and if not, then to further deter-

mine whether or not he exercised that degree of care which, under like circumstances, would be reasonably expected of one of his years and capacity. And this omission in the instructions is a fault which we think fatal to the judgment.

As to the defendant's ninth, it is sufficient, perhaps, to say that in view of the decision in Stillson v. Railroad, ante, and the other cases referred to in connection with it, that it—the instruction—is not subject to the objection plaintiff has lodged against it.

In the light of what was said by us in Milligan v. Railroad, 79 Mo. App. loc. cit. 399, et seq., the plaintiff's objection to the defendant's twelfth is well taken and that instruction should not have been given in the form it was.

The defendant's thirteenth was, we think, erroneous in expression. If it had told the jury, as it did not, that if it found from the evidence that a signal was given, either by sounding the whistle or by ringing the bell before starting the train, and that a reasonable time had elapsed between the giving of the former and the starting of the latter, then it—the instruction—would have been well enough. The advantage afforded by the modification just suggested, to persons whose situation in respect to the movement of the train is that of peril, becomes at once quite apparent.

The other objections urged to the defendant's instructions are deemed to be without merit, and for that reason need not be further noticed by us.

The judgment will be reversed and cause remanded. All concur.