GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
OLLIE GRISOM, BY NEXT FRIEND.

Decided October 22, 1904.

**1.—Negligence—Injury at Railroad Crossing—Evidence.**

In an action against a railway company for personal injury received by plaintiff in attempting to pass between cars left across a public crossing it was admissible to show that it was the custom of the company to habitually block the crossing there with its cars, and the custom of people to climb between them, since this bore upon the issue of negligence on the part of the company in setting its cars in motion at the time plaintiff was injured.

**2.—Assumed Risk.**

In an action for injury to plaintiff, who was not an employe of the defendant railway company, received while he was attempting to pass between cars left across a street, it was not error for the court to refuse to charge that the verdict should be for the defendant if plaintiff knew of the danger at the time he attempted to cross, since the doctrine of assumed risk was not applicable, and plaintiff would not be debarred from recovery for an injury caused by defendant's negligence merely because he knew there was some danger incident to his act.

**3.—Minor—Personal Injury—Measure of Damages.**

In an action by a minor for damages for personal injury a charge was error which authorized a recovery for injury to his earning capacity, without any exclusion of the time until he should attain his majority.

Appeal from the District Court of Cooke. Tried below before Hon. D. E. Barrett.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*Davis & Garnett* and *Herbert, Walker & Cannon,* for appellee.

SPEER, ASSOCIATE JUSTICE.—The appellee, a minor, suing by his father as next friend, recovered judgment against appellant in the sum of $10,000 for damages growing out of injuries received by him in the attempt to pass between two cars of one of appellant's trains which was allowed to stand across a public street in the city of Ardmore, in the Indian Territory.

In view of the reversal of the case many of appellant's assignments of error become immaterial and will not be discussed. We deem it proper, however, to say that we find no error in the action of the trial court in permitting witnesses to testify to the effect that it was the custom of the appellant company to habitually block Main Street and Third Avenue crossings in the city of Ardmore; and that it had long been the custom of people generally of that city to climb between its cars at these places. While it may be true that these facts would not justify, or even tend to justify, the appellee in his effort to cross in this manner, yet we think the testimony is clearly admissible under the pleadings, upon the issue of negligence upon the part of appellant in setting in motion the train which injured appellee. If such had been the custom of appellant and such the custom of the people of that city, these circumstances should properly be considered in determining the

diligence of appellant in the matter of setting in motion its trains at these places.

The eighth assignment of error complains of the court's action in refusing to give to the jury the following special charge: "If you find from the evidence that plaintiff, Ollie Grisom, knew of the danger incident to climbing between cars, just prior to and at the time he attempted to climb between same, you will find for the defendant." In this there was no error. It is not the law in a case of this character that a plaintiff who has received injuries through the negligence of a defendant can not recover merely because he knew there was some danger incident to the act through which he was injured. The doctrine of voluntary assumption of risk as distinguished from contributory negligence is usually applicable to those cases in which the relation of employer and employe exists, and has no practical application independently of the question of contributory negligence under the circumstances of this case. Gulf C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545; Chicago & N. W. Ry. Co. v. Prescott, 59 Fed. Rep., 237, 23 Law. Rep. Ann., 654.

The next assignment of error complains of the court's charge upon the measure of damages, which is as follows: "If you find for plaintiff you will assess his damages at whatever sum you find sufficient to compensate him for his pecuniary loss because of his lessened earning capacity, if any, and his physical pain and mental anguish, if any, caused by said injury." In Texas & P. Ry. Co. v. Morin, 18 S. W. Rep., 503, the following charge was condemned: "In the event you find damages for the plaintiff, in estimating the same you will take into consideration the proof, if any there is, showing the physical condition of the plaintiff at and since the alleged injuries, the probable effect of the injuries in the future upon his health and upon the use of his limbs and, generally, any reduction of his power and capacity to earn money, and to pursue the course of life he might but for the injuries; but damages in this case, if any, can in no event extend beyond a fair and reasonable compensation for the injuries, and you can not, under the pleadings and evidence, award exemplary damages,—that is, damages by way of punishment." This charge was held to be erroneous, in that it permitted the jury to consider in estimating damages the diminished capacity of the minor plaintiff to earn money during the time intervening between the injury and his arrival at majority. So, in Gulf C. & S. F. Ry. Co. v. Johnson, 91 Texas, 569, 44 S. W. Rep., 1067, the following charge was condemned for the same reason: "If you find for plaintiff, Rogers Johnson, so say by your verdict, and assess his damages at such an amount as the proof shows he sustained; and you are authorized to take into consideration such mental and physical pain and suffering, and the nature, extent and probable duration of the injury, and his impaired condition or capacity to earn money or pursue an occupation." Our Supreme Court there say: "The charge authorized the jury to find in his favor damages that might accrue from his impaired condition or

capacity to earn money or pursue an occupation, from the date of his injury; that is, during his minority as well as thereafter," and this, too, notwithstanding the fact a proper charge with reference to the rights of the minor's mother, who was also a plaintiff in the case, to recover the value of the services of the boy from the date of his injuries to his arrival at majority, was given in that case. The reasoning of the Court of Civil Appeals in the Johnson case, to the effect that the jury, as fair-minded men, upon considering the whole of the charge were not misled by the portion, is very cogent, but the Supreme Court, recognizing that, the rule announced was affirmatively erroneous, would not speculate upon the probable effects of other paragraphs of the charge, and so reversed the case. There is no substantial difference between the language of the charge in the present case and that in the Johnson case. Counsel for appellee insists that the charge is not affirmatively erroneous, in that the jury would necessarily understand from the use of the words "his damages" and "his pecuniary loss" that the plaintiff was restricted in his recovery to the value of his services after reaching his majority, inasmuch as it is common knowledge that the father would be entitled to his services during minority. But this reasoning would apply with equal force to the language of the charge in the Johnson case. Indeed, we think the two cases in this particular can not be differentiated, and for this error in the charge the judgment of the District Court will be reversed and the cause remanded for another trial.

We pretermit any discussion or decision of the questions of contributory negligence or discovered peril, inasmuch as the case is to be tried again, and we can not know in advance that the evidence will be the same upon another trial.

Finally we are inclined to the view that appellant's criticism of the third section of the court's charge is not without merit, and this paragraph upon another trial should be omitted, or else reformed in such manner as to avoid the objections made by appellant.

*Reversed and remanded.*