TEXAS & NEW ORLEANS RAILROAD COMPANY v. J. VINCENT McLEOD, BY NEXT FRIEND.

TEXAS & NEW ORLEANS RAILROAD COMPANY v. ANNIE E. McLEOD.

Decided October 12, 1910.

**1.—Contributory Negligence—Question of Fact—Burden of Proof.**

The issue of contributory negligence is ordinarily one of fact for the jury to determine from the evidence, the burden being upon the defendant to prove the same.

**2.—Same—Crossing Railroad Track—Going Between Cars.**

While it has been held in some cases that the act of crossing a railroad track by going between, under or over the cars of a train standing upon it, is negligence *per se*, yet the facts and circumstances of those particular cases show that no rational mind in view of them could reach any other conclusion; therefore it does not follow that every act of this kind presents a case of contributory negligence. Rule applied, in such a case and judgment against a railroad company affirmed.

**3.—Personal Injury—Loss of Foot—Damages.**

A verdict for $15,000 for the loss of a foot held not excessive in the case of a boy fourteen years of age.

Appeal from the Sixty-first Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood, Lane, Wolters & Storey* and *Wm. A. Vinson,* for appellant.

*Lovejoy & Parker,* for appellees.

NEILL, Associate Justice.—J. Vincent McLeod, a minor of fourteen, sued the appellant railroad company and several other railroads to recover damages for personal injuries alleged to have been caused by defendants' negligence. And his mother, Annie E. McLeod, sued the same railroad companies to recover damages sustained by her on account of the same injuries alleged to have been inflicted on her son.

The two cases having been brought in the same court were by agreement of all the parties consolidated and tried as one. Upon the trials each plaintiff dismissed his or her case against all the defendants except the present appellant. The trial resulted in a verdict in the case of young McLeod, in his favor for the sum of $15,000. And in his mother's case, in a verdict for $5000. However, the court below required her to enter a remittitur of $2000 on that sum. Then judgment was entered against the appellant in favor of the boy for $15,000 and in favor of his mother for $3000. From each of these judgments the railroad company has appealed.

The negligence averred by each plaintiff was the blocking by defendants, on January 25, 1907, in the city of Houston, Texas, Maury Street, a public street in said city, for an unusual length of time in violation of an ordinance of the city which makes it unlawful for any railway company to permit any locomotive, engine or train of cars to remain standing upon any public street crossing within the corporate limits of the city of Houston for a longer period than five minutes. And that in returning from his work in the afternoon of that day it was necessary for him to cross appellant's railroad track on said street, and that upon reaching the crossing he found it blocked by a string of standing cars about half a mile long, which likewise blocked parallel streets on either side crossing said track; that after waiting there about ten minutes for the street to be cleared of the cars so he could cross, and seeing other persons older than he cross the track by going between the standing cars, and not seeing any engine attached to them, and believing it was a "dead train," he endeavored to cross the track on said street by going between two of the standing cars, and that when he was between them and in the act of lifting himself over the drawheads, defendant, without ringing the bell, sounding the engine whistle or giving any signal or warning, suddenly and negligently put the cars in motion, whereby his foot was caught between the coupling of the cars and so mashed and mangled that its amputation became necessary.

The defense pleaded and insisted upon was contributory negligence.

The evidence is amply sufficient to prove the allegations in the petitions of negligence. Indeed, there is no assignment of error questioning the sufficiency of the evidence to prove defendant's negligence and the alleged injury in consequence to the boy, his foot being so mashed that it was necessary to amputate it between the ankle and knee. The only assignments being that the great weight of the evidence shows that young McLeod was guilty of contributory negligence at the time he was injured, and that such negligence was the proximate cause; and that the verdict in favor of each plaintiff is excessive.

The issue of contributory negligence is ordinarily one of fact for the jury to determine from the facts and circumstances attending the transaction, the burden of proving which is upon the defendant. The alleged acts of negligence of defendant having been shown, and there being no contention on its part that such acts did not constitute negligence, the question is, does the evidence show that the boy was guilty of negligence as a matter of law? While it has been held in some cases that the act of crossing a railroad track by going between, under or over the cars of a train standing upon it, is negligence *per se,* yet such cases disclose such facts and circumstances that no rational mind in view of them could reach any other conclusion. But because this had been held in such cases, it does not follow that every act of this kind presents a case of negligence of such character. Nor has such been the holding of the courts. See Texas & N. O. R. R. Co. v. Bean, 55 Texas Civ. App., 341 (119 S. W., 329); Irvin v. Gulf, C. & S. F. Ry. Co., 42 S. W., 661; San Antonio & A. P. Ry. v. Bergsland, 12 Texas Civ. App., 97 (34 S. W., 55); Phillips v. N. Y. & N. E. Ry., 30 N. Y. Supp., 333; Chicago & E. I. R. Co. v. Filler, 195 Ill., 9, 62 N. E., 919; Carmer v. Chicago, St. P. M. & O. R. Co., 95 Wis., 513, 70 N. W., 560; Lake Erie & W. R. Co. v. Mackey, 53 Ohio St., 370, 41 N. E., 980; Thompson v. Missouri, K. & T. Ry. Co., 93 Mo. App., 548, 67 S. W., 693; Wall v. New York C. & H. R. R. Co., 67 N. Y. Supp., 519; Baltimore & O. R. Co. v. Fitzpatrick, 35 Md., 32; Weber v. Atchison, T. & S. F. Ry., 54 Kan., 389, 38 Pac., 569; Littlejohn v. Richmond & D. R. Co., 49 S. C., 12, 26 S. E., 967; Walker v. Southern R. Co., 77 S. C., 161, 57 S. E., 764; Pennsylvania R. Co. v. Kelly, 31 Pa., 372; Philadelphia, B. & W. R. Co. v. Layer, 112 Pa., 414, 3 Atl., 874; Todd v. Philadelphia & R. R. Co., 201 Pa., 558, 51 Atl., 332. It being a question for the jury to decide whether young McLeod was guilty of contributory negligence, we hold in deference to the verdict that he was not.

The verdict in favor of the plaintiff in the first case is not excessive. I. & G. N. Ry. v. Brice, 126 S. W., 613, nor is the judgment in favor of his mother. Galveston, H. & S. A. Ry. Co. v. Pigott, 54 Texas Civ. App., 367 (116 S. W., 841).

There is no error in the judgment and it is affirmed.

*Affirmed.*