## HODGES v. ERIE R. CO.

(Circuit Court of Appeals, Sixth Circuit. March 4, 1919.)

No. 3172.

1. RAILROADS ⬳350(14)—INJURIES ON TRACK—CONTRIBUTORY NEGLIGENCE—CHILD.

A three year old child is not as a matter of law guilty of negligence in passing under a standing freight train, blocking the pathway to much-used picnic grounds.

2. RAILROADS ⬳350(31)—INJURIES ON TRACK—NEGLIGENCE PER SE.

It is not negligence per se for a mother voluntarily to risk her own life in attempting to rescue her child, who had crawled under a standing freight train blocking a path to picnic grounds.

3. RAILROADS ⬳300—INJURIES ON TRACK—DUTY TO EXERCISE CARE.

Though a pathway across a railroad's track to a picnic ground was a private way, where the public was licensed to use it in crossing the tracks, a duty arose on the railroad to exercise reasonable care to avoid injury to those whose presence there reasonably might be anticipated.

4. NEGLIGENCE ⬳23(2)—RAILROADS—ATTRACTIVE NUISANCE—PETITION.

Petition against a railroad for death of a mother, who had crawled under its freight train standing on a track blocking a pathway to picnic grounds in order to rescue her three year old boy, who had previously crawled there, held not to state a case of attractive nuisance or of invitation.

5. RAILROADS ⬳344(3)—INJURIES AT PRIVATE CROSSING—NEGLIGENCE—PETITION.

Petition against a railroad for death of a mother, who crawled under a freight train standing on a track where it blocked a pathway to picnic grounds, in an attempt to rescue her three year old son, who had crawled under the train before her, held not to state a case of actionable negligence on the railroad's part.

6. PLEADING ⬳218(4)—DEMURRER—AMENDMENT.

Dismissal of action against railroad for a death on its track, on sustention of its demurrer to plaintiff's petition, held erroneous; it not being clear that a good cause of action could not be stated by amendment.

7. APPEAL AND ERROR ⬳750(2)—ABSENCE OF SPECIFIC ASSIGNMENT—RULE OF COURT.

Where the record does not show that plaintiff was given an opportunity to amend his petition after demurrer was sustained to it, the absence of specific assignment for failure to give such permission, as distinguished from the assignment of error in entering judgment for defendant, should not prevent review under rule 11 of the Circuit Court of Appeals (202 Fed. viii, 118 C. C. A. viii).

In Error to the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by William T. Hodges, administrator of Susanna Hodges, against the Erie Railroad Company. To review judgment for defendant, plaintiff brings error. Reversed with directions.

D. F. Anderson, of Youngstown, Ohio, for plaintiff in error.
Paul J. Jones, of Youngstown, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. Writ to review judgment for defendant on sustaining demurrer to petition.

According to the petition, after defendant's freight train, on the afternoon of a Sunday in June, had stood about half an hour on a track at the end of a public street running at right angles to the railway track, thereby blocking passage over a long-existing and well-recognized pathway in common use (to the railway company's knowledge), which pathway crossed the railway track on the extended line of the street, and led to a nearby and much-used picnic ground, plaintiff's three year old child walked along the pathway and crawled under the standing freight train. His mother (the decedent) saw the child's danger and attempted to rescue him by crawling under the train. While decedent was in that plight, the train was moved by defendant's employés, without warning, and decedent thereby killed.

The negligence charged consisted in moving the train under the circumstances stated without giving notice that it was to be moved, and in failing to have an employé stationed near the pathway to warn or prevent children from attempting to use it while the train was standing across it.

[1, 2] Whether the demurrer was rightly sustained depends solely upon the question whether the petition states a case of actionable negligence on defendant's part in killing decedent under the circumstances stated. This is so, because decedent's three year old child was not, as matter of law, guilty of negligence in passing under the train. Erie R. R. Co. v. Weinstein (C. C. A. 6) 166 Fed. 271, 273, 92 C. C. A. 189; L. E. & W. R. R. Co. v. Mackey, 53 Ohio St. 370, 41 N. E. 980, 29 L. R. A. 757, 53 Am. St. Rep. 641. And it was not negligence per se for decedent to voluntarily risk her own life in attempting to rescue her child from the impending danger. Pennsylvania Co. v. Langendorf, 48 Ohio St. 316, 28 N. E. 172, 13 L. R. A. 190, 29 Am. St. Rep. 553.

[3] Notwithstanding the pathway in question was not a public highway, but was a mere private way, yet under the case stated in the petition the public was licensed to use it in crossing the tracks, and a duty rested upon the defendant company to exercise reasonable care to avoid injury to those whose presence there might reasonably be anticipated. Felton v. Aubrey (C. C. A. 6) 74 Fed. 350, 360, 20 C. C. A. 436; Tutt v. Railroad Co. (C. C. A. 6) 104 Fed. 741, 743, 44 C. C. A. 320. This obligation has perhaps been most frequently applied in favor of those injured by the movement of a train or in switching operations while attempting to cross a track at the moment unobstructed, as in Felton v. Aubrey, supra; Tutt v. Railroad Co., supra; Trivette v. Railway Co. (C. C. A. 6) 212 Fed. 641, 646, 129 C. C. A. 177; Southern Ry. Co. v. Smith (C. C. A. 6) 214 Fed. 942, 946, 131 C. C. A. 238. Such cases proceed on the theory that the presence of travelers on the crossing is reasonably to be anticipated. As said by Mr. Justice Day, in Tutt v. Railroad Co., supra, 104 Fed. 743, 44 C. C. A. 322:

"The reason of the doctrine being that where the company has the exclusive right to the use of its tracks, and has neither impliedly nor expressly

licensed persons to be there, it has no reason to expect them, and consequently is under no obligation to be on the lookout, or to avoid injury to such persons. But where they may be expected to be, and where an implied license has arisen from the conduct of the company, it is bound to use care commensurate with the circumstances to avoid injury to such persons."

We have also said that, where a train is cut in two to enable the public to cross the track, due warning is required before closing the gap. Southern Ry. v. Smith, supra, 214 Fed. at page 945, 131 C. C. A. 238.

It may be assumed that the petition would not be demurrable, had it contained an allegation that the defendant's employés knew of the child's presence unattended and close to the track, or that it was likely to attempt to pass under the cars (Henderson v. Railroad Co., 52 Minn. 479, 55 N. W. 53), or that defendant's employés had reason to believe that decedent had gone under the cars. But there is an entire absence of such allegation.

It may also be conceded, for the purposes of this opinion, but without so deciding, that, had the petition asserted that people were in the habit, to the knowledge of the railroad company, of passing along the pathway and through or under trains standing across it, a cause of action would be stated upon the theory that the presence of a traveler in such perilous position might reasonably be anticipated, as licensed by defendant. See, in this connection, McCarthy v. Railway (C. C. A. 2) 240 Fed. 602, at page 609, 153 C. C. A. 406 (foot). But, so far as shown by the petition, the defendant had no reason to apprehend that any one would attempt to pass under the train, unless from the mere fact that a much-used pathway crossed the right of way where the train was standing. The nearest approach to such allegation is in the statement that the defendant "knew or in the exercise of ordinary care should have known the use to which the pathway was put, and that men, women, and children used said pathway." This obviously refers only to the general use of the crossing, not to its use when occupied by a train. No authorities are cited, and we have found none, which sustain the proposition that a license to use the pathway over the tracks when not occupied by a train includes a license to cross when the pathway was so occupied, or, otherwise stated, that defendant was bound to assume, from the mere fact that the pathway over the tracks was in common use, that travelers would attempt to pass under the standing cars, or that in the absence of reason to so expect, or to believe that such attempt was being made, defendant was obliged to provide against the possibility of accident by giving notice that the train was about to be moved, or by having employés on the watch to warn against or prevent attempts to so cross. In our opinion the rule is to the contrary. Central R. R., etc., Co. v. Rylee, 87 Ga. 491, 13 S. E. 584, 13 L. R. A. 634; Papich v. Railroad Co. (Iowa) 167 N. W. 686. We should not be understood as committing ourselves to all that is said in the case last cited on the subject of the railroad's duty and liability.

[4] The petition does not state a case of "attractive nuisance" or of invitation, as illustrated by Railroad Co. v. Stout, 17 Wall. 657, 21

L. Ed. 745; Railroad Co. v. Harvey, 77 Ohio St. 235, 83 N. E. 66; Escanaba Co. v. O'Donnell (C. C. A. 6) 212 Fed. 648, 129 C. C. A. 184.

[5] It follows from these views that the demurrer was rightly sustained.

[6, 7] The court, however, not merely sustained the demurrer, but dismissed the case. In this we think there was error. Under well-established practice, plaintiff was entitled to an opportunity to amend (which does not appear to have been given), unless it is clear that a good cause of action cannot be .stated by amendment. The learned District Judge thought such was obviously the case. We think the situation disclosed by the petition does not warrant such conclusive assumption, but that it is reasonably conceivable that the circumstances attending the accident were such as—consistently with the allegations of the present petition—would enable the statement of a case of liability. Plaintiff's counsel asserts here a desire to amend. As the record does not show that plaintiff was given opportunity to do so, the absence of specific assignment for failure to give such permission, as distinguished from an assignment of error in entering judgment for defendant, should not prevent review under our rule 11 (202 Fed. viii, 118 C. C. A. viii).

The judgment of the District Court is reversed, with directions to give plaintiff opportunity to amend his petition.