## PHILLIPS *v.* JACKSON, RECEIVER.

[No. 11,958.   Filed May 19, 1925.]

1. RAILROADS.—*Contributory negligence of child crawling under train at street crossing question for jury.*—Contributory negligence of child 8½ years old in crawling under a train at a street crossing which had blocked the crossing for more than five minutes is a question for the jury.   p. 140.

2. NEGLIGENCE.—*Question for the jury where reasonable men might differ on the question.*—In an action for damages charged to have resulted from the negligence of defendant, if the evidence as to negligence is such that reasonable men might differ on the proposition that the defendant was guilty of negligence that proximately caused the injury, it is a question for the jury, and it is error for the court to direct a verdict for the defendant.   p. 140.

3. NEGLIGENCE.—*In actions for personal injuries, plaintiff need not allege or prove freedom from contributory negligence.*—Under §362 Burns 1914, Acts 1899 p. 58, in actions for personal injuries resulting from negligence, contributory negligence is a matter of defense, and the plaintiff is not required to allege or prove his freedom from contributory negligence. p. 141.

4. TRIAL.—*Directed verdict for party having burden of proof allowed only in exceptional cases.*—In exceptional cases, the court may be warranted in directing a verdict against the party having the burden of proof, but only when the facts are undisputed and susceptible of but one reasonable inference. p. 141.

5. NEGLIGENCE.—*Proximate cause, when a question of law for the court and when question of fact for the jury.*—When the facts relating to proximate cause are undisputed and are of such character that only a single inference can be drawn therefrom by any fair and reasonable mind, the question is one of law for the court; but if different inferences could reasonably be drawn from the evidence, the question is one of fact for the jury.   p. 142.

6. RAILROADS.—*Railroad company may be held to have invited pedestrian to cross its tracks between cars by blocking public crossing unreasonable time.*—A railroad company, by blocking a public crossing with a train for an unreasonable length of time, may be held to have invited a pedestrian to cross its tracks between the cars of the train, and be bound to exercise reasonable care to protect him in accomplishing his attempt. p. 143.

7. RAILROADS.—*Duty of railroad to give signal before starting, train which has blocked public crossing an unreasonable time.* —Reasonable care on the part of a railroad company that has blocked a public crossing for an unreasonable length of time may require the giving of some signal before starting the train, a pedestrian making an attempt to cross the tracks between the cars not being a trespasser as a matter of law (*Jordan* v. *Grand Rapids, etc., R. Co.*, 162 Ind. 464, and *Udell* v. *Citizens St. R. Co.*, 152 Ind. 507, distinguished). p. 143.

8. RAILROADS.—*Stopping of train on public street crossing in violation of law should be considered in determining whether ordinary care required lookout or signal before starting train.* —In an action for injuries to boy crawling under train standing across public street, the stopping of the train and permitting it to stand on the crossing in violation of §2671 Burns 1914 and the extent of the travel on the street at the crossing should be considered in determining whether ordinary care required the keeping of a lookout for pedestrians attempting to cross the tracks or the giving of a signal before starting the train. p. 144.

9. RAILROADS.—*Whether starting train without warning was proximate cause of injury to boy crawling under it was question for the jury.*—Whether negligence in starting a train, without warning, which had been stopped on a street crossing in violation of §2671 Burns 1914, was the proximate cause of injury to a boy crawling under train at such crossing, *held* a question for the jury. p. 144.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by Winfield Robert Phillips against William J. Jackson, Receiver. From a judgment for defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*Curtis G. Shake, Joseph W. Kimmell* and *William H. Hill,* for appellant.

*John E. Inglehart, Emison & Hoover, Charles O. Fowler* and *Craig & Craig,* for appellee.

McMAHAN, J.—Winfield Robert Phillips, a child eight years and six months old, while attempting to cross appellee's line of railroad at a public crossing, known as Fourteenth street in the city of Vincennes, had one of his feet so crushed that amputation was necessary. He

prosecutes this action, by next friend, against appellee to recover damages. At the close of plaintiff's evidence, the jury, at the direction of the court, returned a verdict for defendant.

The sole ground urged for reversal is the action of the court in directing a verdict for appellee. The evidence is sufficient to prove the following facts:, On the day of the accident, appellant returned home from school about noon. He then started out in search of a younger brother. Not finding him at a neighbor's house, he went to the crossing of appellee's railroad and Thirteenth street, and finding the crossing blocked by a freight train, he walked through the yards to Fourteenth street and found that crossing was also blocked by the train. He waited at this crossing about five minutes and while there saw a man come down from the top of the train, look about the train and put some waste in a hot box about a car length from the crossing, after which the man walked about a half block farther away from appellant in the direction of the switch and in the direction the train was headed. The engine of the train was a few car lengths from the crossing and near this switch. This man saw appellant waiting at the crossing and told appellant if he wanted on the other side to crawl under, and not over. Appellant then started to crawl under the train between two cars. Before he got across the tracks, the train started without giving any warning, and ran over his foot and mashed it so as to require its amputation between the ankle and knee. After the injury, appellant was carried to his home where a number of people gathered, some them being railroad men, and one of them being the man who had talked to appellant just before he was hurt. Appellant lived near this crossing for about a year before the accident and had observed the operation of trains. On cross-examination,

he said he knew it was dangerous to crawl under the train and that if the train started when he was under it, he would get hurt. While it appears that the crossing in question was in the outer edge of the city, and that there was a sidewalk on one side of the street, the evidence does not disclose the extent of the travel over the street at this crossing.

. The correctness of the action of the court in directing a verdict for appellee requires the consideration of two questions. (1) Was appellant guilty of contributory negligence as a matter of law? (2) Can it be said, as a matter of law, that appellee was not guilty of any negligence proximately contributing to appellant's injury?

In *Texas, etc., R. Co.* v. *McLeod* (1910), 62 Tex. Civ. App. 270, 131 S. W. 311, a boy fourteen years of age was injured while attempting to pass between two cars in a train which blocked a crossing. Contributory negligence, there as here, was a matter of defense, and in discussing the question as to whether the plaintiff was guilty of contributory negligence, as a matter of law, the court said: "While it has been held in some cases that the act of crossing a railroad track by going between, under or over the cars of a train standing upon it, is negligence *per se,* yet such cases disclose such facts and .circumstances that no rational mind in view of them could reach any other conclusion. But because this has been held in such cases, it does not follow that every act of this kind presents a case of negligence of such character. Nor has such been the holding of the courts." Many authorities were cited in support of this statement. In *City of Pekin* v. *McMahon* (1895), 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. 114, it was held that, when a child has passed the age of seven years, he is bound to use such care as children of his age, capacity and intelligence are ca-

pable of exercising, and that the question whether he has done so or not should be submitted to the jury.

In *Gesas* v. *Oregon, etc., R. Co.* (1907), 33 Utah 156, 93 Pac. 274, 13 L. R. A. (N. S.) 1074, it was held that an eight year old boy could not be charged with negligence, as a matter of law, because, after waiting a half hour for a train to move off a street crossing, and being told by a brakeman that he had time to cross the train, which he saw others do, he attempted to do so, although he knew the undertaking would be dangerous if the train should start.

In *Burger* v. *Missouri Pac. R. Co.* (1892), 112 Mo. 238, 20 S. W. 439, 34 Am. St. 379, where a boy between nine and ten years of age was injured while attempting to pass between two cars, the court in discussing the question said: "Common experience and observation teach us that due care on the part of an infant does not require the judgment and thoughtfulness that would be expected of an adult person under the same circumstances. In the conduct of a boy, we expect to find impulsiveness, indiscretion, and disregard of danger, and his capacity is measured accordingly. A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness, and discretion to avoid them, which are possessed by the ordinarily prudent adult person. Hence, the rule is believed to be recognized in all courts of the country, that a child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity. Whether he used such care in a particular case, is a question for the jury."

And it has been held that a railroad company by blocking a public crossing may be held to have invited a pedestrian to cross its tracks between the cars of a

train, and be bound to exercise reasonable care to protect him in accomplishing his attempt. *Sheridan* v. *Baltimore, etc., R. Co.* (1905), 101 Md. 50, 60 Atl. 280; *Grant* v. *Baltimore, etc., R. Co.* (1875), 2 MacArth. 277; *Gulf, etc., R. Co.* v. *Grisom* (1904), 36 Tex. Civ. App. 630, 82 S. W. 671; *Carmer* v. *Chicago, etc., Co.* (1897), 95 Wis. 513, 70 N. W. 560; *St. Louis, etc., R. Co.* v. *Jones* (1920), 78 Okla. 204, 190 Pac. 385, 16 A. L. R. 1048; *Gesas* v. *Oregon, etc., R. Co., supra.*

Without entering into any further discussion of this question, we hold that under the facts in the instant case, the question of appellant's contributory negligence was one of fact for the jury.

Can it be said, as a matter of law, that appellee was not guilty of any negligence which proximately contributed to the injury of appellant? This question in our judgment must be answered in the negative. If the evidence was such that reasonable men might differ on the question of appellee being guilty of any negligence which was the proximate cause of the injury to appellant, it was error for the court to direct a verdict.

Section 2903 Burns 1926 (§2671 Burns 1914), Acts 1905 p. 584, §666, makes it a criminal offense, punishable by a fine, for the conductor or other person having charge of or running a freight train over any railroad, to suffer the same or any car or locomotive composing such train to remain standing across or in any public highway or street. And it has been held that a violation of this statute is negligence *per se*. We, therefore, assume that the court directed the jury to return a verdict for appellee because, in its opinion, appellant, as a matter of law, was guilty of negligence which was the proximate cause of his injury, or that appellee, as a matter of law, was not guilty of any negligence which was a proximate cause of the injury to appellant.

Under §380 Burns 1926, §362 Burns 1914, Acts 1899 p. 58, contributory negligence is a matter of defense.

3, 4. Appellant was neither required to allege nor to prove his freedom from negligence. We cannot agree with appellant in his contention that it is never proper for the court to instruct a jury to return a verdict, in cases of this character, in favor of a party having the burden of proving contributory negligence. The court may, in exceptional cases, be warranted in directing the jury to return a verdict in favor of the party having such burden. This, however, can be done only when the facts are undisputed and susceptible of but one reasonable inference. *Lyons, Admx.,* v. *City of New Albany* (1913), 54 Ind. App. 416, 423.

In *Burger* v. *Missouri Pac. R. Co., supra,* it was contended there was no causal connection between the act of obstructing the crossing and the injury. The court in considering this contention, said: "We do not understand that the maxim, '*Causa proxima, non remota, spectatur,*' applies in case both negligent acts, conducing to produce the injury, were committed by the person from whom redress is sought. The rule, that the causal connection between the negligent act and the damage may be broken by the interposition of an independent responsible human agency, cannot be applied to relieve one of liability for one negligent act by interposing another, also committed by himself. Besides we do not think the two negligent acts charged in this petition are independent of each other. They both unite in constituting one act of negligence—the negligent management of the train, and both concur in producing the damage." To the same effect see, *Pennsylvania R. Co.* v. *Kelly* (1858), 31 Pa. St. 372; *Baltimore, etc., R. Co.* v. *Reaney* (1874), 42 Md. 117; *Hayes* v. *Michigan Cent. R. Co.* (1884), 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410.

When the facts relating to proximate cause are un-

disputed, and are of such a character that only a single inference can be drawn therefrom by any fair and reasonable mind, the question is one of law for the court. *Engle, Admr.,* v. *Director General Railroads* (1921), 78 Ind. App. 547, 133 N. E. 138. But, if more than one inference can reasonably be drawn from the evidence, the question is one of fact for the jury.

For a discussion of the law relating to proximate cause, see *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330; *Engle, Admr.,* v. *Director General Railroads, supra.*

For a discussion of the duty of a railroad to watch for persons who may be attempting to cross its track where the crossing has been blocked in violation of law, see, *Gesas* v. *Oregon, etc., R. Co., supra.*

Judge Thompson, in discussing the effect of permitting a train to block a public crossing, states the law as follows: "If the train is lawfully obstructing the crossing, that is to say, if it has not obstructed it for a greater length of time than that prescribed by statute or ordinance, or, in the absence of statute or ordinance, *for an unreasonable length of time*—then, a pedestrian who attempts to continue his journey upon the highway, by climbing over or between the cars, does so at his own risk. The railway company is under no obligation to keep a special lookout for him, or to take special pains to provide for his safety; but his position is substantially that of a *trespasser* upon its property, and is not different, in law, from what it would be if the train were not obstructing a highway crossing. But after the train has obstructed the crossing beyond the length of time prescribed by statute or ordinance, or beyond a reasonable length of time in the absence of statute or ordinance, then the railway company is guilty of an unlawful obstruction of the high-

way, which is an indictable nuisance; the right of passage on the part of the public is restored; and if pedestrians undertake to exercise that right by climbing over the obstructing train, the railroad company must see to it that it does not kill or injure them while so doing, by an *affirmative act* of its own, namely, by starting forward its train without giving them any warning of its purpose so to do, or without looking out for their safety in any way." 2 Thompson, Negligence, §1674.

The rule as stated by Judge Thompson was approved in *Central, etc., R. Co.* v. *Chambers* (1912), 183 Ala. 155, 62 So. 724, where the court in considering the question of neglect on the part of a child said: "* * * and *prima facie* judgment and discretion is not presumed of a child under 14 years of age."

It has been said that a railroad company by blocking a public crossing an unreasonable length of time may be held to have invited a pedestrian to cross its 6. tracks between the cars of a train, and be bound to exercise reasonable care to protect him in accomplishing his attempt. *Sheridan* v. *Baltimore, etc., R. Co., supra; Grant* v. *Baltimore, etc., R. Co., supra; Gulf, etc., R. Co.* v. *Grisom, supra; Carner* v. *Chicago, etc., Co., supra; St. Louis, etc., R. Co.* v. *Jones, supra; Gesas* v. *Oregon, etc., R. Co., supra; Treut* v. *Norfolk, etc., R. Co.* (1915), 167 Ky. 319, 180 S. W. 792; *Hodges* v. *Erie R. Co.* (1919), 257 Fed. 494, 168 C. C. A. 498.

While it may be, as contended for by appellee, that §13038 Burns 1926, §5431 Burns 1914, §4020 R. S. 1881, with reference to ringing the bell and sounding 7. the whistle when a train is approaching a public crossing does not apply to a case like the present, it does not necessarily follow that reasonable care did not require appellee to have given some signal before starting the train. This is not a case where we, as a matter of law, can say the boy was a trespasser. The

rule as stated in *Jordan* v. *Grand Rapids, etc., R. Co.* (1904), 162 Ind. 464, 70 N. E. 524, 102 Am. St. 217, and in *Udell* v. *Citizens St. R. Co.* (1899), 152 Ind. 507, 52 N. E. 799, 71 Am. St. 336, is not applicable to the facts in this case.

It will not do to treat the act of appellee in allowing the train to remain on the crossing in violation of the statute as a separate and distinct act, unconnected with the subsequent act of starting the train, and then say, as a matter of law, that such violation of the law was not a proximate cause of the accident. The stopping of the train and permitting it to stand on the crossing in violation of law should be considered along with the time it was allowed to stand on the crossing, and the extent of travel on the street at the crossing, in determining whether ordinary care required that appellee should have kept a lookout for pedestrians or have given any warning before moving the train. The question as to whether any negligent act of appellee was a proximate cause of the injury to appellant was, under the evidence, a question for the jury. The act of the court in directing a verdict was reversible error.

Judgment reversed, with directions for proceedings consistent with this opinion.