ESCANABA MFG. CO. v. O'DONNELL.

(Circuit Court of Appeals, Sixth Circuit.    April 7, 1914.)

No. 2,437.

1. NEGLIGENCE (§ 51*)—DANGEROUS PREMISES—LICENSEES—CHILDREN—CARE
REQUIRED.

Defendant operated a wood manufacturing plant in a city and maintained on its property an ash pile on which the firemen dumped ashes from the boiler room every day. Plaintiff, a child of 10, with other children who lived in the neighborhood, was in the habit of coming on defendant's premises and picking up chips and other waste wood scattered near the ash pile. On the morning of plaintiff's injury, ashes had been wheeled out as usual, and the upper surface had cooled and whitened and did not look dangerous, but underneath the ashes were still hot. Plaintiff, barefooted, undertook to walk over them in leaving defendant's premises, sank into the hot ashes, and was burned. Held that, though plaintiff was but a licensee, defendant, having knowledge of the fact that children were permitted to play on or about the ash pile, was bound to guard the pile or give warning of the danger.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 64; Dec. Dig. § 51.*]

2. NEGLIGENCE (§ 136*)—DANGEROUS PREMISES—REASONABLE CARE—QUESTION FOR JURY.

Where a child of 10 while passing over an ash pile on defendant's premises, in accordance with a license to enter, sank into the ashes and was burned, whether defendant was negligent in handling the ashes was for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

3. TRIAL (§ 194*)—INSTRUCTIONS—PROVINCE OF JURY—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a child of 10, with certain companions entered defendant's engine room and was directed by the engineer to leave the premises and go home. He took them to the door, pointed out a roadway which would take them off defendant's grounds, and told them to follow a path. The driveway ran past and along an ash pile over which was a short cut off defendant's premises toward plaintiff's home. Plaintiff testified that there was a path leading from the driveway over the ashes in her direction, and that she thought she was following instructions when she left the driveway and took the path. As she was passing over the ashes, she sank into them, and was burned. The court charged that, if after plaintiff received the engineer's instruction she left the path and went over the ash pile, she would be negligent and could not recover. Held, that the true theory of such submission was that, if the "path" which she was directed to follow meant only the driveway along the ash pile, then to do what she did would be negligence, but, if the engineer's direction meant or was received to mean that she should follow the supposed path across the ashes, then she would not be negligent unless she left the path and went on trackless ashes on either side, and hence the giving of such instruction did not require a finding that plaintiff was negligent as a matter of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

In Error to the District Court of the United States for the Northern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Leona O'Donnell, by John L. Loell, her next friend, against the Escanaba Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. H. Ryall, of Escanaba, Mich. (G. R. Empson, of Gladstone, Mich., of counsel), for plaintiff in error.

H. J. Rushton, of Escanaba, Mich. (N. C. Spencer, of Escanaba, Mich., of counsel); for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge.   The plaintiff below was, at the time of the accident, a girl 10 years of age.   The manufacturing company, with its plant and storage space, occupied some 20 acres of ground in the city of Escanaba.   Every day its firemen wheeled out the ashes from the boiler room and dumped them on its ash pile.   This pile was approximately circular, 50 feet in diameter, and varying in shape and in height as the ashes accumulated or as they were occasionally taken away by cars on the adjacent railroad track.   On the morning of this particular day, ashes had been wheeled out as usual, and, also as usual, the upper surface of the fresh ashes had cooled and whitened and did not look dangerous, while beneath the surface they were still very hot.   The little girl, barefooted, undertook to walk over them, sank into the hot ashes, and was burned.   For the resulting damages, this action was brought.

The case must, for most purposes, now be considered from the viewpoint of plaintiff's evidence and the most favorable inferences that can reasonably be drawn therefrom, and it should be noted that the girl was not a trespasser upon the general premises; the company's utmost contention is that she was a mere licensee.   The factory was a wood-working plant, and fragments of wood of different kinds were continually scattered in all parts of the grounds.   The neighborhood children, and this little girl among them, were in the habit of coming on the premises with baskets and picking up chips and other waste wood.   This was with the knowledge and approval of the company; indeed, it was not without benefit to the company, for its own labor of keeping its premises properly clean was somewhat diminished. More or less of such waste wood was to be found upon the part of the premises lying alongside this ash pile, and the evidence of custom and acquiescence must be considered as extending to that precise locality.   The girl's presence on the general premises and in this immediate locality was therefore fully justified.   In addition, she testified that, as they were so picking up wood, the children were in the habit of playing on this ash pile, which formed a sort of a hill alongside their woodpicking ground, and that the company's manager frequently saw them playing there and had made no objection, but instead had seemed to approve by asking them if they were having a good time, and such questions as that.

[1] The trial court submitted the case to the jury, a verdict for the girl was found, and the defendant company brings error.   The chief complaint is that the case should not have been submitted, because the

company was under no obligation to the girl, either to keep this place safe for her to walk upon or to warn her of the hidden danger. The plaintiff's counsel insisted that she was upon the ash pile by invitation; the defendant urged that the testimony tended to show nothing more than a license; and it is charged that it was error to submit the case on the mistaken theory, and to charge, as the court did:

"If the defendant permitted children to play or to be upon the ash heap, it was its duty either to put up some guard or warning, or to give a warning to the children of the danger that there existed, because a person cannot invite another into danger without becoming liable."

This charge put upon the defendant the same burden of duty toward plaintiff as if it had expressly invited her; and, because of the distinction usually drawn between the owner's liability for injury to one who is on his premises merely by permission and his liability to one who is there by invitation, it follows that the charge was erroneous, unless the supposed conduct of defendant was tantamount to an invitation, or unless, under the special facts of this case, the usual distinction in measure of duty did not exist.

The charge, as a whole, including other parts not quoted, did not impose upon defendant the duty to guard or warn merely because plaintiff had been, on one occasion, permitted to play there; it required the jury to find that this playing had been accustomed and habitual, and in substance the stated duty was based on the hypothesis that the ash pile had, with the defendant's acquiescence, become the children's playground. With reference to a child of this age, both in the effect upon her mind and in the resulting exposure to peril, we are not sure that there is real difference between the kind and extent of acquiescence above recited and an express invitation; but we think the case may well be decided without touching that question. In Ellsworth v. Metheney, 104 Fed. 119, 121, 44 C. C. A. 484, 51 L. R. A. 389, Judge (now Mr. Justice) Day, speaking for this court, had occasion to consider and apply the rule of liability for injury to a licensee, and it was held that where the owner of the premises, knowing the customary use by the licensees, installs or permits a new danger not so obvious as to carry its own warning, and does not guard against or give notice of this new danger, he is subject to the same rule of liability which the Supreme Court, in Bennett v. Railroad Co., 102 U. S. 577, 26 L. Ed. 235, had declared applicable in case of invitation, and which this court, in Felton v. Aubrey, 74 Fed. 350, 359, 20 C. C. A. 436, had approved in a case of customary use under license accompanied by the creation of a new peril. We have recently applied the same rule under other circumstances, in Murch Co. v. Johnson, 203 Fed. 1, 121 C. C. A. 353 (and see De Haven v. Hennessey [C. C. A. 6] 137 Fed. 472, 476, 69 C. C. A. 620, and Trivette v. C. & O. Ry. Co., 212 Fed. 641, 129 C. C. A. 177, opinion this day filed).

It is true that the danger from the hot ashes was not a new peril in exactly the same sense as the danger involved in Ellsworth v. Metheney or Murch v. Johnson; but we see no satisfactory distinction in principle. A similar danger had been created and had passed

away the day before, and so of each prior day; but yet the danger which did the harm was temporary, it would not have existed at the moment of injury, unless it had been newly created; and, when we come to consider such a situation with reference to children customarily permitted to play on the ash pile, we are satisfied that, in the language of Judge Day, "sound morals and just treatment demand that the licensee shall have notice of the new danger which he is likely to encounter in using the premises."

The form of the charge is criticised because the questions whether the danger was a new one and was not appreciated by the plaintiff were not left to the jury. These conditions might well have been included by the judge in the hypothesis he put to the jury; but neither by request nor exception was attention called to this precise point, and the counsel and the court probably joined in assuming that the plaintiff neither understood nor was bound to understand this concealed danger, and that the jury would take the instruction as referring to that character of danger.

Several decisions of the Michigan Supreme Court, resulting adversely to the claims of children for injuries suffered on premises where they were playing, have been brought to our attention, and we are urged to say that the question involved here relates to the rights of a licensee upon real estate and so is a matter of local law upon which we should follow the state decisions. However this may be, we do not find that there is any settled rule in Michigan in conflict with that adopted by the trial court in this case. Hargreaves v. Deacon, 25 Mich. 2, Formall v. Standard Oil Co., 127 Mich. 496, 86 N. W. 946, and Ryan v. Tower, 128 Mich. 463, 87 N. W. 644, 15 L. R. A. 310, 92 Am. St. Rep. 481, depend more or less upon the contributory negligence of the parents, the absence of any permission of defendant to be upon the premises, or lack of evidence that the children were customarily allowed to be upon the dangerous part of the premises as distinguished from merely using a path through other parts. While these cases and others tend to establish a narrow rule of liability, Judge Cooley's opinion in Powers v. Harlow, 53 Mich. 507, 19 N. W. 257, 51 Am. Rep. 154, treats of facts very closely analogous to those here involved, and he declares, we think, a rule wholly consistent with the submission to the jury and the recovery in the instant case.

[2] We have concluded there was evidence to sustain a finding of duty resting on defendant; we think there was also some basis for finding a breach of this duty. It will not do to say that, merely because the ashes were deposited on this day in the regular and ordinary way, such conduct could involve no negligence. The fact that children of this age were permitted to play on this ash pile was one of the conditions to be remembered in determining whether the employés used due care in depositing the ashes as they did. The defendant's employés were bound to keep in mind when they deposited the ashes that children might not understand or remember how dangerous apparently harmless ashes might be; and, when once it is assumed that defendant expected the ash pile to be used for a children's playground,

it is clear to us that the question of reasonable care in handling hot ashes thereon was a question for the jury.

[3] There is one other question requiring attention: Shortly before the accident, the girl and her companions had been found in the engine room, and had been told, by the engineer, to leave the premises and go home. He took them to the door, pointed out the roadway or driveway which would take them off the grounds, and told them to follow the path. This driveway ran past and alongside the ash pile, and to turn from the roadway across the ash pile would have been a short cut off the premises toward the girl's home. She says there was a path leading from the driveway up through the ashes, in her desired direction, and that she thought she was following instructions when she left the driveway and took this path, but, in fact, it led her into trouble. At the defendant's request, the judge charged the jury that if, after she received this instruction, she left the path and went upon the ash pile, she was guilty of contributory negligence and could not recover. The defendant now urges that she confessedly did the thing which was declared to be, and which was, contributory negligence, and so that no question of fact was left. We do not think the instruction was so intended. The true theory of submission was that if the "path" which she was directed to follow meant only the driveway alongside the ash pile, then to do what she did would be negligence; but if this direction meant, or if as given to and received by this child it could mean, for her to follow the supposed path across the ashes, then she would not be negligent, unless she left that path and went out upon trackless ashes on either side. This, we think, was the fair meaning of the instructions, and this last thing she says she did not do. Her contributory negligence was not beyond dispute.

The whole case came down to the simple issue whether defendant should have known that the girl was likely to be upon the ash pile with defendant's implied permission, and, if so, whether it exercised reasonable prudence to prevent injury to her. If the verdict did not do justice, it is because it was against the weight of the evidence. That it was, seems to have been the opinion of the District Judge; but the only remedy in such case is an appeal to the discretion of the court for a new trial; and that appeal, apparently, was not made.

The judgment must be affirmed, with costs.