## AMERICAN RY. EXPRESS CO. v. CRABTREE.

## CRABTREE v. AMERICAN RY. EXPRESS CO.

### (Circuit Court of Appeals, Sixth Circuit. February 8, 1921.)

### Nos. 3407, 3436.

1. **Negligence ⊙⟶23(1)—Wheel held dangerous attraction to children.**

   The jury could find it was negligent for an express company to leave on its platform outside its warehouse a heavy wheel tilted against the wall in such a way that children could set it on edge and play therewith, so that the express company could be held liable for the death of a child occasioned by such play, though it would not be if the wheel had been tilted so far that it could have been straightened up only by an adult.

2. **Appeal and error ⊙⟶930(2), 1068(1)—Erroneous submission of contributory negligence cured by verdict for plaintiff; presumed that jury followed instructions.**

   Error, if any, in submitting the issue of contributory negligence, does not require a reversal, where the jury found for the plaintiff, though for only a small amount, since such verdict amounts to a finding against contributory negligence, and the court will not assume that the jury disobeyed instructions by compromising on the amount of the verdict because of that issue.

3. **Death ⊙⟶98—$1,000 for death of eight year old girl not so inadequate that an appellate court may set aside.**

   Under Ky. St. § 6, authorizing the recovery of damages suffered by the estate of the deceased, the Circuit Court of Appeals cannot, in view of the contingencies which affect the future life of an eight year old girl, so as to determine the pecuniary value of her life to her estate, set aside as too small a verdict for $1,000.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by John P. Crabtree against the American Railway Express Company. Judgment for plaintiff, and both parties bring error. Affirmed on each writ of error.

Edward C. O'Rear, of Frankfort, Ky. (Overton S. Hogan, of Frankfort, Ky., and A. T. Stewart, of Stanton, Ky., of counsel), for plaintiff.

John D. Atkinson, of Stanton, Ky., for defendant.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The Express Company maintained an office at a small station in Kentucky, and its agent received from the railroad, consigned to an oil company in the vicinity, an iron wheel 42 inches in diameter, and with a rim 10 inches wide, and weighing about 200 pounds. The Express Company's agent, instead of putting this in the warehouse until it should be called for, left it standing on the cinder platform, tilted over against the loading platform. The children of the town were in the habit of playing about the station building and grounds. On Sunday afternoon two boys tilted the wheel back to its upright position and rolled it up and down

the cinder platform. After they had tired of this, and had left it standing on the rim at some distance from its original position, two little girls came along and probably undertook to roll it. It fell over upon and killed the youngest one, eight years old. Her administrator, who was also the father, brought this action under the Kentucky statute and recovered a judgment for $1,000 damages. The defendant brings error, claiming that there was no evidence of negligence, and the plaintiff brings error, urging that contributory negligence was improperly made an issue in the trial, and that, if the plaintiff is entitled to recover, the law requires a larger verdict.

[1] We think there was substantial evidence tending to show negligence by defendant, and no complaint is made of the manner in which this issue was submitted to the jury, if it could be submitted at all. There was a place where the wheel could have been stored, and where it would have been entirely safe. If it had been left standing on edge, it would be clear that it had taken the character of an attractive nuisance. The event proves that it was not tilted over so far, but that it could be easily restored to its dangerous position, and this by the efforts of children, whose natural and ordinary conduct in respect thereto defendant was bound to anticipate. If it had been laid down in a horizontal position, or leaned over far enough so that it would have been beyond the power of boys to set it upright, there would be a different question. In these respects the jury had a right to conclude that the case differed from Kasey's Adm'r v. Railway Co. (Ky.) 124 S. W. 380, the decision chiefly relied on by defendants. The facts are very similar, but the wheel in that case either was tilted over enough further or was enough heavier so that to restore it to upright position furnished a matching test of strength between two strong men, and the defendant was not bound to anticipate an interference by adults. The principles which justify submission to the jury are illustrated by Railroad v. Stout, 84 U. S. (17 Wall,) 657, 662, 21 L. Ed. 745; Union Pac. Co. v. McDonald, 152 U. S. 262, 275, 14 Sup. Ct. 619, 38 L. Ed. 434; Escanaba Co. v. O'Donnell (C. C. A. 6) 212 Fed. 648, 129 C. C. A. 184, and cases cited 212 Fed. 650, 129 C. C. A. 186.

[2] The trial judge submitted the issue of negligence by the child and by her parents. It is said that it was error, because there was no evidence of this as to the parents, and because a child of that age is not chargeable with her own carelessness. We cannot see that either of these questions is open. The jury found for the plaintiff, and, since contributory negligence in this action would be a bar, this verdict amounts to a finding that there was none. While conceding this inference to be technically correct, counsel urge that the error was prejudicial, because the courts ought to notice the fact, which it is said all experienced persons know, that where contributory negligence is an issue it makes the basis for a compromise among the jury and practically operates to reduce the verdict. To assume this is to assume that the jury disobeyed instructions; and we are not at liberty to draw any such inference. If there is an existing evil in this respect, the remedy is legislative.

[3] The Kentucky statute (Ky. St. § 6) contemplates recovery of the damages suffered by "the estate of the deceased." The Kentucky courts have not worked out any definite rule of damages under the statute, where the deceased is a small child. The contingencies which affect the future life of a little girl eight years old, so as to determine the pecuniary value of her life to her estate, are beyond definite measurement. In a vast number of cases it turns out that the net pecuniary value of the life is very small, and we cannot safely say that a verdict of only $1,000 necessarily implies perversity on the part of the jury. The District Judge denied a motion for new trial on this ground, among others, and thereby expressed his conclusion that there was nothing in the peculiar facts of this case indicating passion or prejudice. In some states a measure has been fixed by law as the value of the life of a child, but Kentucky has seen fit to leave the decision to a jury without definite guide, and we think we cannot set aside such a verdict as this upon the sole ground that it is too small.

On each writ of error, the judgment is affirmed.