**HARRIS et al. v. ROBERSON et al.**

No. 8411.

United States Court of Appeals,
District of Columbia.

Argued Nov. 1, 1943.
Decided Dec. 16, 1943.

Mr. Vivian O. Hill, of Washington, D.C., for appellants.

Mr. Albert F. Beasley, with whom Messrs. Eugene X. Murphy and Raymond M. Hudson, all of Washington, D.C., were on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Appellants, Donald Harris and his father, sued the appellees, Roberson and the Acker Company, for personal injuries to Donald, who was six years old at the time of the accident. In the District Court judgment was entered upon a verdict for Roberson and the Acker Company.

A large platform trailer belonging to the Acker Company had been parked in a vacant lot behind appellants' house. It was about 20 feet long, 8 feet wide, and 2½ feet high. As parked, it was not dangerous to children. It had no motor. It was used for hauling heavy equipment, and there is no contention that children ever moved it or could move it. Donald and other boys were playing on and about the trailer when Roberson, under a contract with the Acker Company, came with his truck to take it away. He ordered the boys to get off and they did so. Roberson then connected the trailer to his truck and climbed into the cab. Donald afterwards jumped back on the trailer. Roberson, from his position in the cab, could not see him. When Roberson started to drive away, Donald fell under the right rear wheel of the trailer and was injured.

Appellants contend that the District Court erred in refusing to give a charge which embodied the "attractive nuisance" doctrine. That doctrine is not applicable. It is limited to things which are dangerous to children because of the likelihood that children will meddle with them, and does not extend to things which become dangerous only when adults set them in motion.[1] For example, it does not apply to moving railroad cars.[2] The doctrine has been applied to turntables,[3] dynamite caps,[4]

---

[1] Cf. American Ry. Exp. Co. v. Crabtree, 6 Cir., 271 F. 287.

[2] Barney v. Hannibal & St. J. R. Co., 126 Mo. 372, 28 S.W. 1069, 26 L.R.A. 847; Nixon v. Montana, W. & S. W. R.

Co., 50 Mont. 95, 145 P. 8, Ann.Cas. 1916B, 299.

[3] Sioux City & P. R. Co. v. Stout, 17 Wall. 657, 21 L.Ed. 745.

[4] Sandeen v. Tschider, 8 Cir., 205 F. 252.

electric wires,[5] a hand car on a grade,[6] and a junk yard.[7] Roberson was required only to exercise reasonable care in moving the truck and the jury has found, on sufficient evidence, that he did so.

Appellants' other contentions are also without merit.

Affirmed.

[5] Meyer v. Menominee & M. Light & Traction Co., 151 Wis. 279, 138 N.W. 1008.

[6] Cahill v. E. B. & A. L. Stone & Co., 153 Cal. 571, 96 P. 84, 19 L.R.A.,N.S., 1094.

[7] Eastburn v. Levin, 72 App.D.C. 190, 113 F.2d 176.