## HAIL, v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS.

### No. 734.

Court of Civil Appeals of Texas. Eastland.
June 27, 1930.

Rehearing Denied Sept. 19, 1930.

Smith & Smith, of Anson, and M. V. Brooks, of Roby, for appellant.

E. V. Hardwick, of Stamford, for appellee.

FUNDERBURK, J.

This is a suit by Temple Hail against the Missouri-Kansas-Texas Railroad Company of Texas to recover damages for personal injuries. Plaintiff alleged four different acts of negligence, each claimed to have proximately caused his injuries. One was that defendant was negligent in permitting certain trucks to be backed up against the west end of defendant's freight platform so as to constitute an obstruction of the passageway of passengers. Another was that defendant was negligent "in failing to give to plaintiff at the time and place" of his injuries "the usual warning * * * that its passenger train was ready to leave its station at Hamlin, Texas," but for which "plaintiff could and would have boarded said train while it was standing still and said injury and damage to the plaintiff could have and would have been avoided." It was further alleged, in substance, that defendant was negligent in that, having knowledge that plaintiff was its passenger, and knew or could, by the exercise of ordinary care, have known, that plaintiff was attempting to board the train, the train was jerked, breaking his hold and causing the injuries alleged. Negligence was also charged in that defendant failed to have an employee on hand to assist passengers to board the train.

The defendant, in addition to a general denial, pleaded different acts of contributory negligence, and also estoppel of plaintiff to claim the status of a passenger. The trial court gave a peremptory instruction in favor of the defendant. From the judgment based thereon, plaintiff has appealed.

■■ The action of the trial court in directing the verdict must be tested in two ways. If there was no evidence to raise an issue of fact as to any one of the four grounds of negligence, the court's action must be sustained. In such case any question as to contributory negligence, of course, becomes immaterial. If there was evidence to raise an issue of fact as to any one or more of the alleged acts of negligence, then the action of the court in directing the verdict could only be proper in case the undisputed evidence as a question of law showed that plaintiff was guilty of contributory negligence in at least one of the ways charged.

■ It is too manifest to require discussion that the testimony did not raise an issue of fact as to the alleged negligence regarding the failure to have an employee present to assist passengers in boarding the train. As to the alleged negligence in obstructing the passageway of passengers by trucks, it is perhaps a sufficient answer to appellant's criticism of the peremptory instruction to quote from plaintiff's testimony as follows:

"This place where passengers usually go, right along the north side of the depot, was smooth ground all along there. Those trucks that I spoke of were not parked along the line that the passengers usually travel, not up there. They were parked at the back end of the platform where passengers were not supposed to go in going to the train from the waiting room. In placing myself south of those trucks, I had to go off the path that the passengers travel and go down there south

of the trucks in order to have the trucks in the way. That is true."

■ It is readily apparent that that testimony shows, as a matter of law, that plaintiff could not recover upon that theory of defendant's liability.

■ Plaintiff did not charge defendant with negligence in jerking the train, dissociated from the allegations that defendant knew or was chargeable with knowledge, that plaintiff was attempting to get aboard the moving train. The testimony showed that plaintiff purchased a ticket and was present at the depot grounds for the purpose of taking passage on the train. Plaintiff testified that, after the train was in motion and he was attempting to board it, his hold was loosened by two sudden jerks. There was no evidence of any notice to the operatives of the train that it was the purpose of plaintiff to get aboard same, other than the fact that he purchased a ticket. There was no evidence of any duty on the part of the ticket agent to inform the operatives of the train that plaintiff had purchased a ticket. There was no evidence of any act of the plaintiff that would charge the train operatives with notice of his purpose to take passage. At the time other passengers were getting on the train, he walked away from the train and out of the range of vision of the train crew. The testimony is undisputed that, at the time the train started to move, defendant's employees looked to discover the presence of prospective passengers not aboard, and none were in sight. There was no evidence that any employee charged with the operation of the train saw the plaintiff attempt to get aboard same and no fact to charge them with duty of such knowledge. Under such circumstances, testimony that the train was jerked while in motion, as testified to by plaintiff, was no evidence of negligence.

■■ With reference to the other theory of negligence, there is more difficulty. Plaintiff's pleading, we think, must be construed as alleging that it was a custom of the defendant to give warning of its purpose to start its trains from the depot long enough to enable passengers to get aboard after such warning was given, and before the train started, and that such custom was known to and relied upon by plaintiff. The pleadings in this respect, to be sure, are faulty and subject to special exception. Upon proper exception, defendant would have had the right to be apprized more particularly of the nature of the customary warning and the defendant's failure to give same. All the testimony agreed to the effect that there was a custom to call "All aboard" before starting a train. That such call was made upon the occasion in ques-

tion plaintiff's testimony raised a conflict in the evidence. Plaintiff testified: "At the time I had gotten on this train before, going east at Hamlin, I had heard a signal before the train started. The conductor generally hollers 'All aboard.' He did not holler 'All aboard' at this time. I was listening for that." The whole of the testimony on the point was weak. It may be plausibly contended that it at most showed that plaintiff did not hear the call. A preponderance of the testimony was that the call was given, but we have concluded that the view is not justified that there was no evidence sufficient to raise an issue of fact. Such being the case, unless contributory negligence was shown as a matter of law, the court erred in directing the verdict.

■ As to the last-named question, plaintiff's own testimony showed that he had plenty of time to get on the train before it began to move, and further that ordinarily the train only stopped long enough to permit passengers to get on and off and baggage and express to be loaded and unloaded, a matter of three or four minutes. On the occasion in question he saw the conductor assisting in loading baggage or express, and, assuming that the train would not start for a few minutes, stepped aside about thirty-five feet. In doing so, according to his claim, he was expecting and relying upon the usual starting signal to be given in time for him to get on the train before it began to move. If, in fact, there was a custom known to him to call "All aboard" long enough beforehand to enable him to get aboard before the train started, then we think it cannot be said as a matter of law he was guilty of negligence in relying upon such signal and failing to get upon the train immediately. The signal, according to his contention, not being given, and the train having started, he was not guilty of contributory negligence as a matter of law in attempting to get on the train, if his act be viewed in the light of all the evidence most favorable to the plaintiff. He testified the train was moving slowly. There was some suggestion in the evidence that he had boarded trains before, and if, as he contended, the defendant had failed in its duty of giving a usual and customary warning relied upon, there would certainly be raised an issue of fact and not of law as to whether he was negligent in attempting to get upon the train after it started. G., C. & S. F. Ry. Co. v. Grisom, 36 Tex. Civ. App. 630, 82 S. W. 671.

Because we have concluded that the issue of negligence with reference to the customary warning should have been submitted to the jury, the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.